Criminal Case Template



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

 )
 No. 08-03-00128-CR

IN RE: JOE LEON LANIER,
)


 )
 AN ORIGINAL PROCEEDING 

 Relator.
)
 

)
 IN MANDAMUS

)
 


MEMORANDUM OPINION



 Joe Leon Lanier seeks a writ of mandamus compelling the trial court to forward his petition
for writ of habeas corpus to the Court of Criminal Appeals. He claims that although his petition was
received by the trial court on January 29, 2001, the court has not yet acted on it. 

 This court does not have jurisdiction over matters related to post-conviction writs of habeas
corpus. See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); In re
McAfee, 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding). The Court of
Criminal Appeals has the authority to issue a writ of mandamus when the trial court fails to act on
a petition for writ of habeas corpus. See, e.g., Martin v. Hamlin, 25 S.W.3d 718, 719
(Tex.Crim.App. 2000); McCree v. Hampton, 824 S.W.2d 578, 579 (Tex.Crim.App. 1992).

 We also note that Lanier has not complied with Rule 52 of the Texas Rules of Appellate
Procedure because his petition for writ of mandamus is not sworn and he has not attached a certified
or sworn copy of the petition for writ of habeas corpus that was received by the trial court. See
Tex.R.App.P. 52.

 The petition for writ of mandamus is denied. This ruling does not preclude Lanier from
seeking a writ of mandamus from the Court of Criminal Appeals.



April 17, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)