COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )

                                                                              )             
No.  08-04-00237-CR

                                                                              )

IN RE:  GERALD WILLIAMS                             )                   AN ORIGINAL

                                                                              )

                                                                              )     PROCEEDING IN MANDAMUS

                                                                              )

                                                                              )

                                                                              )

 

MEMORANDUM  OPINION 
ON  WRIT  OF 
MANDAMUS

 








Relator Gerald
Williams has filed a petition for writ of mandamus, complaining of the trial
court=s failure
to act on his post-conviction application for writ of habeas corpus.  The documents attached to Relator=s mandamus petition indicate that the
trial court has not acted on the habeas application for over four years.[1]  This Court, however, does not have
jurisdiction over matters related to post-conviction writs of habeas
corpus.  See Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); In re McAfee, 53
S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding).  Only the Court of Criminal Appeals has the
authority to issue a writ of mandamus compelling a trial court to act on a
petition for writ of habeas corpus.  See
McAfee, 53 S.W.3d at 718; see also Martin v. Hamlin, 25 S.W.3d 718,
719 (Tex.Crim.App. 2000); McCree v. Hampton, 824 S.W.2d 578, 578-79
(Tex.Crim.App. 1992).  Accordingly, the
petition for writ of mandamus is dismissed.

 

 

September
9, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
A letter to Relator from a deputy district clerk, dated April 13, 2004, states
that the clerk=s office
received Relator=s habeas
application on June 28, 2000.  On June
30, 2000, the trial court signed an order designating issues and granting the
State=s motion
to file an amended answer.  The letter
from the deputy district clerk states that there has been no further order from
the trial court.