Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-06-00028-CR
IN RE: MICHAEL S. BURRUSS,                     )
)AN ORIGINAL PROCEEDING
                                    Relator.                            )                  
)IN MANDAMUS
)

O P I N I O N

            Relator Michael Burruss seeks a writ of mandamus to compel the district clerk to transmit
a copy of his Article 11.07 writ of habeas corpus to the Court of Criminal Appeals along with any
answers or findings of the convicting court. We have no authority to issue a writ of mandamus to
the district clerk in this case. See Tex.Gov’t Code Ann. § 22.221(a), (b)(Vernon 2004). To the
extent that Relator complains of the trial court’s action or inaction on his application for an
Article 11.07 writ of habeas corpus, this Court does not have jurisdiction over matters related to
post-conviction writs of habeas corpus. See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243
(Tex.Crim.App. 1991); In re McAfee, 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig.
proceeding). Only the Court of Criminal Appeals has the authority to issue a writ of mandamus
compelling a trial court to act on a petition for writ of habeas corpus. See McAfee, 53 S.W.3d at 718;
see also Martin v. Hamlin, 25 S.W.3d 718, 719 (Tex.Crim.App. 2000); McCree v. Hampton, 824
S.W.2d 578, 578-79 (Tex.Crim.App. 1992). 
            Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction.
April 27, 2006                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)