NUMBER 13-05-00181-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


THE STATE OF TEXAS, Appellant,


v.



ESTANISLADO MORIN, Appellee.

 


On appeal from the 275th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 The State appeals from the trial court's order granting appellee Estanislado Morin's
application for writ of habeas corpus and granting a new trial. (1) In three issues, the State
contends the trial court (1) used the incorrect legal standard to evaluate appellee's newly-discovered evidence claim, (2) abused its discretion in granting his application for writ of
habeas corpus based on newly-discovered evidence, and (3) failed to enter the habeas
corpus order within the statutory time limit. We reverse and remand.

A. Factual & Procedural Background


 A jury found appellee guilty of two counts of indecency with a child and assessed
his punishment at five years' imprisonment and a $ 5,000 fine for each count. Because
the jury recommended that the prison sentences and fines for both counts be suspended
and that appellee be placed on community supervision, the trial court suspended the prison
sentences and fines for both counts, and placed appellee on community supervision for
five years for each count. (2) Subsequently, appellee was deported and complied with the
terms of his community supervision by mail.

 On October 10, 2003, appellee applied for a post-conviction writ of habeas corpus
pursuant to article 11.07 of the Texas Code of Criminal Procedure, alleging (1) ineffective 
assistance of counsel and (2) newly-discovered evidence of innocence. In support of his
newly-discovered evidence allegations, appellee attached an affidavit of the complaining
witness, Veronica Salazar, (3) dated September 19, 2003, wherein she recanted her prior
testimony. The State did not receive notice of the application until April 27, 2004, and filed
a response on May 24, 2004. The State attached an affidavit, dated May 4, 2004, wherein
Salazar recanted her September 19, 2003 recantation. The State also noted that appellee
should have filed his post-conviction writ pursuant to article 11.072, instead of article
11.07. (4) See Tex. Code Crim. Proc. Ann. arts. 11.07, 11.072 (Vernon 2005). 

 On May 27, 2004, the trial court overruled appellee's claim of ineffective assistance
of counsel and ordered a hearing on appellee's issue regarding the newly-discovered
evidence of innocence. That hearing was held on June 29, 2004, and Salazar testified
about her conflicting affidavits. The proceedings were then recessed to July 16, 2004, so
that appellee, who was absent because of his deportation, could be present. 

 The hearing resumed on July 16, 2004, without appellee, who waived his presence. 
Both sides discussed the sixty-day statutory deadline at great length, and several times the
State told the trial court that it would waive the sixty-day deadline, if it could be waived. 
Both sides mistakenly told the court when they thought the sixty-day deadline would
elapse. Salazar testified again regarding her affidavits, explaining that she was pressured
by family members to execute the September 19, 2003 affidavit, and her testimony at trial
was truthful. After the hearing, the trial court said that before it ruled, it wanted additional
memorandums from both sides. On October 22, 2004, the trial court ruled that Salazar's
credibility was a question for a jury, and orally granted appellee a new trial. A written order
reflecting this ruling was signed on March 4, 2005.

B. Standard of Review


 In reviewing a district court's decision to grant a habeas corpus petition, we review
the application of legal standards de novo. Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.
Crim. App. 2003). We afford almost total deference to the trial judge's determination of the
historical facts supported by the record, especially when the fact findings are based on an
evaluation of credibility and demeanor. See Ex parte Martin, 6 S.W.3d 524, 526 (Tex.
Crim. App. 1999). However, "if the record will not support the trial judge's conclusions,
then this Court may make contrary findings." See Ex parte Adams, 768 S.W.2d 281, 288
(Tex. Crim. App. 1989).

C. Discussion


 In its third issue, the State contends the trial court erred by failing to enter its written
order within the statutory deadline of sixty days. The State argues that because the order
was not entered within the sixty-day period, the order is void and appellee's application was
denied by operation of law. (5)

 Article 11.072 of the code of criminal procedure provides that: "Not later than the
60th day after the day on which the State's answer is filed, the trial court shall enter a
written order granting or denying the relief sought in the application." Tex. Code Crim.
Proc. Ann. art. 11.072. Because the State's answer to appellee's application was filed on
May 24, 2004, the 60th day was July 23, 2004.

 Habeas corpus petitions are to be heard without delay. See Tex. Const. art. I, § 12;
Tex. Code Crim. Proc. Ann. art 11.07; Martin v. Hamlin, 25 S.W.3d 718, 719 (Tex. Crim.
App. 2000); McCree v. Hampton, 824 S.W.2d 578, 578-79 (Tex. Crim. App. 1992). The
proper remedy to a trial court's delay in ruling on a habeas corpus petition under article
11.072 is to file for a petition for a writ of mandamus from this Court. See Ex parte
Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). After a trial court's ruling on a
habeas corpus petition, compliance with statutory deadlines becomes moot. See McCree,
824 S.W.2d at 579; see also Ex parte Kendrick, No. 01-95-00161-CR, 1996 Tex. App.
LEXIS 3400, *2 (Tex. App.-Houston [1st Dist.] 1996, pet. ref'd) (not designated for
publication).

 The record shows the trial court failed to rule on appellee's habeas corpus petition
within the sixty days required by article 11.072. However, because the trial court ultimately
ruled on the petition, we conclude that the timing issue is moot. (6) The State's third issue
is overruled.

 In its first issue, the State contends the trial court used the incorrect legal standard
to evaluate appellee's newly-discovered evidence claim. Claims of actual innocence fall
into two categories: Herrera claims and Schlup claims. See Schlup v. Delo, 513 U.S. 298
(1995); Herrera v. Collins, 506 U.S. 390 (1993). A bare claim of actual innocence based
solely on newly-discovered evidence is an Herrera claim, whereas a claim of actual
innocence that is tied to a claim of constitutional error at trial is a Schlup claim. Schlup,
513 U.S. at 314. Because the Herrera and Schlup claims are different, they employ
different burdens of proof. Id.

 Because the verdict of a constitutional-error-free trial commands the greatest
respect, the criminal justice system has a need for finality, and retrying stale cases that
were originally tried years before imposes a heavy burden on the State, the burden of proof
in Herrera claims is "extraordinarily high." See Herrera, 506 U.S. at 417; Davila v. State,
147 S.W.3d 572, 577-78 (Tex. App.-Corpus Christi 2004, pet. ref'd). To succeed in an
Herrera claim, "the petitioner must show by clear and convincing evidence that no
reasonable juror would have convicted him in light of the new evidence." Ex parte
Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996).

 Appellee's first trial was found to be error-free by this Court in Morin v. State, No.
13-01-00001, 2002 Tex. App. LEXIS 3783 (Tex. App.-Corpus Christi 2002, pet. ref'd) (not
designated for publication). Furthermore, appellee's claim of innocence is unaccompanied
by a claim of constitutional error and is therefore an Herrera claim. Accordingly, appellee
must show by clear and convincing evidence that no reasonable juror would have
convicted him in light of the new evidence. Because the trial court ruled that "the proper
forum to decide the credibility of a victim is the jury," we conclude it used the wrong legal
standard. The State's first issue is sustained.

 In light of our disposition of the State's first and third issues, it is unnecessary to
address the State's second issue. See Tex. R. App. P. 47.1. 

 The trial court's order granting appellee's application for a writ of habeas corpus is
reversed. The case is remanded to the trial court to timely determine whether appellee has
shown by clear and convincing evidence that no reasonable juror would have convicted
him in light of the new evidence. (7)


 FEDERICO G. HINOJOSA

 Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed

this the 17th day of August, 2006.
1. See Tex. Code Crim. Proc. Ann. art. 44.01(k) (Vernon Supp. 2006) ("The state is entitled to appeal
an order granting relief to an applicant for a writ of habeas corpus under Article 11.072.").
2. This Court affirmed appellee's conviction on May 23, 2002. See Morin v. State, No. 13-01-001-CR,
2002 Tex. App. LEXIS 3783 (Tex. App.-Corpus Christi 2002, pet. ref'd).
3. Appellee is Veronica Salazar's uncle by marriage to her mother's sister.
4. The record reflects that the parties agreed to proceed under article 11.072, and that relator did not
need to refile.
5. Because the State's third issue affects our ability to consider the State's remaining two issues, we
will decide it first.
6. We find it particularly disingenuous that the State, after misleading the trial court about when the
sixty-day deadline would run, and then promising to waive it in any event, is now raising it as an issue on
appeal.
7. It would be improper for this Court to evaluate the merits of appellee's petition de novo because only
the district court has the power to grant appellee's petition. See Tex. Code Crim. Proc. Ann. art 11.072
(Vernon 2005); see also Ex parte Franklin, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002) (ordering remand of
article 11.07 habeas petition to consider under correct standard).