IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,320




JAVIER R. FRANCO, Relator

v.

DALLAS DISTRICT CLERK, Respondent




ON PETITION FOR A WRIT OF MANDAMUS
CAUSE NOS. W06-49271-T(A); W05-45718-T(A); W05-45713-T(A) 
IN THE 283rd JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY



           Per curiam.

OPINION


            Relator filed a motion for leave to file a petition for a writ of mandamus pursuant to this
Court’s original jurisdiction. In it, he contends that he filed 11.07 applications for writs of habeas
corpus in the convicting court on September 2008. He alleges that the orders designating issues
signed on December 15, 2008 were untimely and asks this Court to order the district clerk to forward
his 11.07 applications. 
            On July 29, 2009, this Court held Relator’s motion for leave to file in abeyance and ordered
the district clerk to respond with the date the State was served with the writ application. In response
to this Court’s order, the district clerk forwarded copies of orders designating issues which were
signed on December 15, 2008 with a statement that the District Attorney’s office received the
applications on September 19, 2008. This Court has still not received these 11.07 applications for
writs of habeas corpus and now conditionally grants this motion for leave to file a petition for a writ
of mandamus because the orders designating issues were untimely. 
            Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. Tex. Code Crim. Proc. art.
11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant’s confinement. Tex. Code Crim.
Proc. art. 11.07 §3(c). If the trial court determines that the application for writ of habeas corpus
presents such issues it “shall enter an order within 20 days of the expiration of the time allowed for
the state to reply, designating issues of fact to be resolved.” Id. Article 11.07 does not authorize the
trial court to extend the time limitations imposed by the statute, other than by a timely issuance of
an order designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). 
Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk
of the trial court to immediately transmit to this Court the record from the application for a writ of
habeas corpus, deeming the trial court’s inaction a finding that no issues of fact require further
resolution. Tex. Code Crim. Proc. art. 11.07, §3(c).
             In this case, Relator filed the applications for writs of habeas corpus in the trial court on
September 19, 2008. The district attorney’s office was served the writ applications on the same day. 
The trial court signed orders designating issues on December 15, 2008, which was after the time
limitations provided in the statute had expired. This untimely order interfered with the district
clerk’s duty to transmit the applications to this Court and is therefore without effect. See Martin v.
Hamlin, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to
hold Relator’s applications for writs of habeas corpus and is under a ministerial duty to immediately
forward the applications and related records in cause numbers W06-49271-T(A), W05-45718-T(A),
and W05-45713-T(A), filed in the 283rd Judicial District Court of Dallas County to this Court. 
            We conditionally grant mandamus relief and direct the Respondent to comply with this
opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within
thirty days of the date of this opinion. 


Filed: March 24, 2010
Do not publish