

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,320

**JAVIER R. FRANCO, Relator**

**v.**

**DALLAS DISTRICT CLERK, Respondent**

### ON PETITION FOR A WRIT OF MANDAMUS
### CAUSE NOS. W06-49271-T(A); W05-45718-T(A); W05-45713-T(A)
### IN THE 283rd JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### <u>OPINION</u>

Relator filed a motion for leave to file a petition for a writ of mandamus pursuant to this Court's original jurisdiction. In it, he contends that he filed 11.07 applications for writs of habeas corpus in the convicting court on September 2008. He alleges that the orders designating issues signed on December 15, 2008 were untimely and asks this Court to order the district clerk to forward his 11.07 applications.

On July 29, 2009, this Court held Relator's motion for leave to file in abeyance and ordered the district clerk to respond with the date the State was served with the writ application. In response to this Court's order, the district clerk forwarded copies of orders designating issues which were signed on December 15, 2008 with a statement that the District Attorney's office received the applications on September 19, 2008. This Court has still not received these 11.07 applications for writs of habeas corpus and now conditionally grants this motion for leave to file a petition for a writ of mandamus because the orders designating issues were untimely.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. TEX. CODE CRIM. PROC. art. 11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07 §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely issuance of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. TEX. CODE CRIM. PROC. art. 11.07, §3(c).

In this case, Relator filed the applications for writs of habeas corpus in the trial court on

September 19, 2008. The district attorney's office was served the writ applications on the same day. The trial court signed orders designating issues on December 15, 2008, which was after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to transmit the applications to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's applications for writs of habeas corpus and is under a ministerial duty to immediately forward the applications and related records in cause numbers W06-49271-T(A), W05-45718-T(A), and W05-45713-T(A), filed in the 283rd Judicial District Court of Dallas County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.

Filed: March 24, 2010
Do not publish