

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,408

**TONY RAY BLACKWELL, Relator**

**v.**

**DALLAS DISTRICT CLERK, Respondent**

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. W06-67343-M(A)
### IN THE 194TH JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court. He requests that this Court order the district clerk to forward his 11.07 application.

On February 17, 2010, this Court held this application in abeyance and ordered the district

clerk to respond because more than 35 days had elapsed since the alleged filing date and this Court had no record of a timely entered order designating issues. In response to this Court's order, the district clerk forwarded a copy of an order designating issues which was signed on June 10, 2010. This Court has still not received this 11.07 application for a writ of habeas corpus and now conditionally grants this motion for leave to file an application for a writ of mandamus because the order designating issues was untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. *See* TEX. CODE CRIM. PROC. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

In this case, Relator filed the application for a writ of habeas corpus in the trial court on November 10, 2009. The district clerk's office has informed this Court that the district attorney's

office was served the writ application on November 9, 2009. The trial court signed an order designating issues on June 10, 2010, which was after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to transmit this application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause no. 06-67343-M(A) filed in the 194th Judicial District Court of Dallas County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within twenty days of the date of this opinion.

Filed: September 15, 2010
Do not publish