IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. AP-76,612






JOSEPH PERNELL RUTH, Relator


v.


HARRIS COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. 914967 IN THE 208TH JUDICIAL DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.


O P I N I O N



 Relator filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contended that he filed an application for a writ of habeas corpus
in the 208th Judicial District Court of Harris County, that more than 35 days had elapsed, and that
the application had not yet been forwarded to this Court. 

 On June 1, 2011, this Court held this application in abeyance and ordered the district clerk
to respond. In response to this Court's order, the district clerk forwarded a copy of an order
designating issues which was entered on August 14, 2007. This Court has still not received this
11.07 application for a writ of habeas corpus and now conditionally grants this motion for leave to
file an application for a writ of mandamus because the order designating issues was untimely
entered. 

 Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc.
Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). 
If the trial court determines that the application for writ of habeas corpus presents such issues it 
"shall enter an order within 20 days of the expiration of the time allowed for the state to reply,
designating issues of fact to be resolved." Id. Article 11.07 does not authorize the trial court to
extend the time limitations imposed by the statute, other than by a timely entry of an order
designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis
added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon
the clerk of the trial court to immediately transmit to this Court the record from the application for
a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require
further resolution. Art. 11.07, §3(c).

 In this case, Relator filed this application for a writ of habeas corpus in the trial court on
April 10, 2007. The District Attorney acknowledged receipt of the application on May 22, 2007. 
The trial court entered an order designating issues on August 14, 2007, after the time limitations
provided in the statute had expired. This untimely order interfered with the district clerk's duty to
transmit this application to this Court and is therefore without effect. See Martin v. Hamlin, 25
S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold
Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately
forward the application and related records in cause no. 914967 filed in the 208th Judicial District
Court of Harris County. 

 We conditionally grant mandamus relief and direct Respondent to comply with this opinion. 
The writ of mandamus will issue only in the event Respondent fails to comply. 



Filed: August 24, 2011

Do not publish