

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,698

**CHARLES DAVID BROWN, Relator**

**v.**

**GRAYSON COUNTY DISTRICT CLERK, Respondent**

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 031156-A
### IN THE 59TH JUDICIAL DISTRICT COURT FROM GRAYSON COUNTY

*Per curiam.*

### OPINION

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an 11.07 application for a writ of habeas corpus in the convicting court on June 20, 2011. He alleged that more than 35 days have elapsed since the filing date and that a timely order designating issues has not been entered. He wants this Court to order the district clerk to forward his 11.07 application.

On October 5, 2011, this Court held this application in abeyance and ordered the district clerk to respond because more than 35 days had elapsed since the alleged filing date and this Court had no record of a timely entered order designating issues. In response to this Court's order, the district clerk forwarded a copy of the State's receipt of service of the 11.07 application dated June 28, 2011 and a copy of an order designating issues signed by the trial court on August 24, 2011. This Court has still not received this 11.07 application for a writ of habeas corpus and now conditionally grants this motion for leave to file an application for a writ of mandamus because the order designating issues was untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. TEX. CODE CRIM. PROC. art. 11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07 §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. TEX. CODE CRIM. PROC. art. 11.07 §3(c).

In this case, Relator alleges he filed the application for a writ of habeas corpus in the trial court on June 20, 2011. The record reflects that the district attorney's office was served the writ application on June 28, 2011. The trial court signed an order designating issues on August 24, 2011, which was after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to transmit this application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause no. 031156-A filed in the 59th Judicial District Court of Grayson County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.

Filed: November 23, 2011
Do not publish