IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-76,524-01






MARVIN CLARENCE PRESLEY, Relator


v.


DALLAS COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. W07-52842-N IN THE 195th JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R




 Relator filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contended that he filed an application for a writ of habeas corpus
in the 195th Judicial District Court of Dallas County on September 8, 2010, that more than 35 days
have elapsed, and that the application had not yet been forwarded to this Court. 

 On October 19, 2011, this Court held in abeyance and ordered the District Clerk to respond
as to why the application had not yet been forwarded to this Court. On November 21, 2011, this
Court received a response from the District Clerk, which indicates that Relator in fact filed two
habeas applications in the district court on September 8, 2010. This Court also received a copy of
one of those applications, in cause no. W07-52843-N on November 21, 2011. The District Clerk
responded in the other case, cause no. W07-52842-N, by sending a copy of the Waiver of Service
signed by the prosecutor acknowledging receipt of the application on September 8, 2010, and of an
order designating issues signed by the trial court on November 15, 2011. 

 This Court has still not received this 11.07 application for a writ of habeas corpus and now
grants this motion for leave to file an application for a writ of mandamus because the order
designating issues was untimely entered. 

 Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc.
Art. 11.07, § (b). After the expiration of the time allowed for the State to respond, the trial court
is allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). 
If the trial court determines that the application for writ of habeas corpus presents such issues it 
"shall enter an order within 20 days of the expiration of the time allowed for the state to reply,
designating issues of fact to be resolved." Id. Article 11.07 does not authorize the trial court to
extend the time limitations imposed by the statute, other than by a timely entry of an order
designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992) (emphasis
added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon
the clerk of the trial court to immediately transmit to this Court the record from the application for
a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require
further resolution. Art. 11.07, §3(c).

 In this case, Relator filed this application for a writ of habeas corpus in the trial court on
September 8, 2010. The trial court entered an order designating issues on November 15, 2011, after
the time limits provided in the statute had expired. This untimely order interfered with the district
clerk's duty to transmit this application to this Court and is therefore without effect. See Martin v.
Hamlin, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to
hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately
forward the application and related records in cause no. W07-52842-N filed in the 195th Judicial
District Court of Dallas County to this Court. 

 We conditionally grant mandamus relief and direct the Respondent to comply with this
opinion. The writ of mandamus will issue only in the event the Respondent fails to comply. 



Filed: December 14, 2011

Do not publish