

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-77,169-02

### IN RE NEVIL CECILIO LOPEZ, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 1193264-B IN THE 230TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an application for a writ of habeas corpus in the 230th District Court of Harris County, that more than 35 days had elapsed, and that the application had not yet been forwarded to this Court.

This Court held the mandamus application in abeyance and ordered the Harris County District Clerk to respond as to why the application had not yet been forwarded. The clerk responded and supplied this Court with documents showing that Relator filed an Article 11.07 application for a writ of habeas corpus in Harris County on August 14, 2012. The Harris County District Attorney's

office acknowledged receipt of it on January 18, 2013, which is the date the assistant district attorney indicated the clerk delivered the writ application to the D.A.'s office. The trial court later entered an Order Designating Issues (ODI) on March 19, 2013.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has fifteen days to respond. *See* TEX. CODE CRIM. PROC. art. 11 .07 § 3. After the expiration of the time for the State to respond, the trial court is allowed twenty more days to determine whether the application contains allegations of controverted, previously unresolved facts that are material to the legality of the applicant's confinement. *Id.* If the trial court determines that the application presents such controverted issues, it shall enter an ODI. *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, and without the timely entry of an ODI, Article 11.07 imposes a duty on the district clerk to immediately transmit the habeas application and its record to this Court. *McCree v. Hampton*, 824 S.W.2d 578 (Tex. Crim. App. 1992); TEX. CODE CRIM. PROC. art. 11.07 § 3(c).

In Relator's case, the trial court entered an ODI after the time limit provided in the statute had expired. This untimely order interferes with the district clerk's duty to transmit the application to this Court and is without effect. *See Martin v. Hamlin*, 25 S.W.3d 718 (Tex. Crim. App.2000). The district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward it and its related records to this Court.

Mandamus relief is conditionally granted. Respondent, the District Clerk of Harris County, is directed to comply with this opinion by forwarding Relator's writ application and its related records to this Court. The writ of mandamus will issue only in the event Respondent fails to comply.

Delivered:     May 8, 2013
Do not publish