Terry Donald MARTIN, Relator,

v.

Jim HAMLIN, District Clerk of Dallas County, Respondent.

No. 73799.

Court of Criminal Appeals of Texas.

May 10, 2000.

Terry Donald Martin, pro se.

Bill Hill, Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

The opinion was delivered PER CURIAM.

This is a motion for leave to file an original application for writ of mandamus. Relator filed an Article 11.07, V.A.C.C.P., application for writ of habeas corpus in the 203 rd Judicial District Court of Dallas County on December 23, 1997. More than two years have elapsed since filing and the application has not been forwarded to this Court by Respondent. We denied leave to file a previous application for writ of mandamus after receipt of an order from the trial court, entered February 9, 1999, acknowledging receipt of the application for writ of habeas corpus and designating controverted issues requiring resolution. *Martin v. Hamlin,* Writ No. 38,988–01 (Tex.Crim.App. delivered March 1, 1999). We have still not received the instant application for writ of habeas corpus and now grant leave to file this original application for writ of mandamus.

■ Upon receipt of an application for writ of habeas corpus challenging a final felony conviction, the attorney representing the State is allowed 15 days in which to respond. Art. 11.07, § 3(b). After the expiration of the time for the State to answer, the trial court is allowed 20 days in which to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, § 3(c). If the trial court determines an application for writ of habeas corpus does present such issues, it is the duty of the trial court to enter an order within the 20 day period after expiration of the time allowed for the State to reply, designating the issues of fact to be resolved. Art. 11.07, § 3(d). The statute does not supply authority to the trial court to extend the time limitations imposed by the statute, other than by timely entry of an order designating issues to be resolved. *McCree v. Hampton,* 824 S.W.2d 578, 579 (Tex.Crim.App.1992). Without the timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, § 3(c).

■ In the instant cause, applicant filed an application for writ of habeas corpus in the trial court on December 23, 1997. The trial court's February 9, 1999, order designating issues for resolution was not entered within 20 days of the expiration of the time allowed for the State to reply to the application. The order was untimely and interfered with the clerk's duty to transmit the application to this Court. Consequently, the trial court's order designating issues and directing the clerk to forward only that order to this Court and no other documents, is without effect. The district clerk has no authority to continue to hold Relator's application for writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in *Ex parte Terry Donald Martin,* Writ No. W96–00065–P(A) in the 203 rd Judicial District Court of Dallas County to this Court.

We conditionally grant mandamus relief and direct Respondent Hamlin to comply with this opinion. The writ of mandamus will issue only in the event Respondent fails to comply.