Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






IN RE: RICARDO MARTINEZ,

                            Relator.


§

§

§

§

§



No. 08-05-00088-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS




MEMORANDUM OPINION
           Relator Ricardo Martinez has filed a petition for writ of mandamus, complaining of
the trial court’s failure to act on his post-conviction application for writ of habeas corpus. 
In Relator’s mandamus petition, he states that the trial court has not acted on the habeas
application for over eighteen months. This Court, however, does not have jurisdiction over
matters related to post-conviction writs of habeas corpus. See Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); In re McAfee, 53 S.W.3d 715, 718
(Tex. App.--Houston [1st Dist.] 2001, orig. proceeding). Only the Court of Criminal Appeals
has the authority to issue a writ of mandamus compelling a trial court to act on a petition for
writ of habeas corpus. See McAfee, 53 S.W.3d at 718; see also Martin v. Hamlin, 25 S.W.3d
718, 719 (Tex. Crim. App. 2000); McCree v. Hampton, 824 S.W.2d 578, 578-79 (Tex. Crim.
App. 1992).
           Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 10, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)