IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,067




JAY EDWIN GIBSON, Relator

v.

DALLAS COUNTY DISTRICT CLERK, Respondent




ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. W90-47176-T(A) IN THE 283rd JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY




           Per curiam.

O P I N I O N


            Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas
corpus in the 283rd Judicial District Court of Dallas County on June 7, 2008. He alleges that
more than 35 days have elapsed since he filed that application in the district court. He asks
that we order the district clerk to forward his 11.07 application to this Court because he has
heard nothing from the district court and was allegedly told by the district clerk to refile his
habeas corpus application. 
           On November 5, 2008, this Court held this mandamus application in abeyance and
ordered the district clerk to respond because more than 35 days had elapsed since the alleged
filing date and this Court had no record of a timely entered order designating issues. In
response to this Court’s order, the district clerk forwarded a copy of an order designating
contested factual issues which the trial judge had entered on November 17, 2008. This Court
has still not received the 11.07 application for writ of habeas corpus and the clerk has not
submitted any information showing that the order designating factual issues was timely
entered. We therefore grant Gibson’s motion for leave to file an application for a writ of
mandamus. 
           When a person files an application for a writ of habeas corpus challenging a final
felony conviction with the clerk of the court in which the conviction was obtained, the clerk
shall assign the application to that trial court and send a copy of the application via certified
mail or personal service to the attorney representing the State. See Tex. Code Crim. Proc.
Art. 11.07, §(b). The State then has 15 days to respond to the allegations in the writ
application. Id. After the expiration of the time allowed for the State to respond, the trial
court is allowed an additional twenty days to determine whether the application contains
allegations of controverted, previously unresolved facts material to the legality of the
applicant’s confinement. Art. 11.07, §3(c). If the trial court determines that the application
for writ of habeas corpus presents such issues it “shall enter an order within 20 days of the
expiration of the time allowed for the state to reply, designating issues of fact to be resolved.” 
Id. This provision is mandatory. Article 11.07 requires the trial judge to either (1) enter an
order designating contested factual issues within thirty-five days of the receipt of the writ
application–regardless of whether the State files a response; or, (2) if there are no unresolved
facts to be determined, to send the application and all associated materials to this Court. The
Legislature’s purpose in setting these deadlines was to ensure that post-conviction
constitutional claims would be addressed and resolved with appropriate speed, efficiency,
and fairness.


 
            Article 11.07 does not authorize the trial court to extend the time limitations imposed
by the statute, other than by a timely entry of an order designating issues. McCree v.
Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely
entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial
court to immediately transmit to this Court the record from the application for a writ of
 habeas corpus, deeming the trial court’s inaction a finding that no issues of fact require
further resolution. Art. 11.07, §3(c). 
            In this case, Relator alleges that he filed this application for writ of habeas corpus in
the trial court on June 7, 2008, an allegation which the district clerk does not dispute. The
trial court entered an order designating issues on November 17, 2008, which was after the
time limitations provided in the statute had expired. The untimely order interfered with the
district clerk’s duty to transmit the application to this Court and is therefore without effect. 
See Martin v. Hamlin, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no
authority to continue to hold Relator’s application for writ of habeas corpus and is under a
ministerial duty to immediately forward the application and related records in cause no. W90-47176-T(A) filed in the 283rd Judicial District Court of Dallas County to this Court unless
the clerk can certify that Relator’s habeas application was delivered to the State after October
12, 2008.
           We conditionally grant mandamus relief and direct the Respondent to comply with
this opinion. The writ of mandamus will issue only in the event the Respondent fails to
comply. 


Filed: January 14, 2009
Publish