IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,255




REGINALD HOLLOWAY, Relator

v.

DALLAS COUNTY DISTRICT CLERK, Respondent




ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 06-62809T(A) 
IN THE 283RD JUDICIAL DISTRICT COURT FROM DALLAS COUNTY




           Per curiam.

OPINION


            Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an 11.07 application for a writ of habeas
corpus in the convicting court on June 18, 2009. He alleges that more than 35 days have elapsed
since the filing date and that a timely order designating issues has not been entered. He wants this
Court to order the district clerk to forward his 11.07 application. 
            On September 30, 2009, this Court held this application in abeyance and ordered the district
clerk to respond because more than 35 days had elapsed since the alleged filing date and this Court
had no record of a timely entered order designating issues. In response to this Court’s order, the
district clerk forwarded a copy of an order designating issues which was signed on August 24, 2009. 
This Court has still not received this 11.07 application for a writ of habeas corpus and now
conditionally grants this motion for leave to file an application for a writ of mandamus because the
order designating issues was untimely entered. 
            Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc.
Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant’s confinement. Art. 11.07, §3(c). 
If the trial court determines that the application for writ of habeas corpus presents such issues it 
“shall enter an order within 20 days of the expiration of the time allowed for the state to reply,
designating issues of fact to be resolved.” Id. Article 11.07 does not authorize the trial court to
extend the time limitations imposed by the statute, other than by a timely entry of an order
designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without
a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial
court to immediately transmit to this Court the record from the application for a writ of habeas
corpus, deeming the trial court’s inaction a finding that no issues of fact require further resolution. 
Art. 11.07, §3(c).
             In this case, Relator filed the application for a writ of habeas corpus in the trial court on June
18, 2009. The district clerk’s office has informed this Court that the district attorney’s office was
served the writ application on June 18, 2009. The trial court signed an order designating issues on
August 24, 2009, which was after the time limitations provided in the statute had expired. This
untimely order interfered with the district clerk’s duty to transmit this application to this Court and
is therefore without effect. See Martin v. Hamlin, 25 S.W.3d 718, (Tex. Crim. App. 2000). The
district clerk has no authority to continue to hold Relator’s application for a writ of habeas corpus
and is under a ministerial duty to immediately forward the application and related records in cause
no. 06-62809T(A) filed in the 283rd Judicial District Court of Dallas County to this Court. 
            We conditionally grant mandamus relief and direct the Respondent to comply with this
opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within
thirty days of the date of this opinion. 


Filed: November 4, 2009
Do not publish