

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,338

### CHRISTOPHER D. HUBERT, Relator

### v.

### HARRIS DISTRICT CLERK, Respondent

### ON PETITION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 884460 & 884472
### IN THE 230TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### OPINION

Relator filed a motion for leave to file a petition for a writ of mandamus pursuant to this Court's original jurisdiction. In it, he contends that he filed 11.07 applications for writs of habeas corpus in the convicting court on November 21, 2008. He alleges that the orders designating issues signed on July 23, 2009 were untimely and asks this Court to order the district clerk to forward his 11.07 applications.

On February 24, 2010, this Court held Relator's motion for leave to file in abeyance and ordered the district clerk to respond with information concerning any orders designating issues and the date the State was served with the writ application. In response to this Court's order, the respondent District Clerk submitted an affidavit stating that they have no record of an application for a writ of habeas corpus in cause number 884460. As the district clerk has no record of a writ application filed in cause number 884460, the respondent is under no current ministerial duty with respect to Relator's alleged application attacking cause number 884460. Relator's motion for leave to file a petition for writ of mandamus relating to cause number 884460 is denied.

The district clerk forwarded a copy of an order designating issues in cause number 884472, signed on July 30, 2009, and evidence that the District Attorney's office received the application on December 12, 2008. This Court has still not received this 11.07 application for a writ of habeas corpus and now conditionally grants this motion for leave to file a petition for a writ of mandamus because the order designating issues was untimely.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. TEX. CODE CRIM. PROC. art. 11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07 §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely issuance of

an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. TEX. CODE CRIM. PROC. art. 11.07, §3(c).

In this case, Relator filed the application for writ of habeas corpus attacking cause number 884472 in the trial court on November 21, 2008. The district attorney's office was served with the writ application on December 12, 2008. The trial court signed an order designating issues on July 30, 2009, which was well after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to transmit the application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause number 884472, filed in the 230th Judicial District Court of Harris County, to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.


Filed: May 5, 2010
Do not publish