IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,338




CHRISTOPHER D. HUBERT, Relator

v.

HARRIS DISTRICT CLERK, Respondent




ON PETITION FOR A WRIT OF MANDAMUS
CAUSE NOS. 884460 & 884472 
IN THE 230TH JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY



           Per curiam.

OPINION


            Relator filed a motion for leave to file a petition for a writ of mandamus pursuant to this
Court’s original jurisdiction. In it, he contends that he filed 11.07 applications for writs of habeas
corpus in the convicting court on November 21, 2008. He alleges that the orders designating issues
signed on July 23, 2009 were untimely and asks this Court to order the district clerk to forward his
11.07 applications. 
            On February 24, 2010, this Court held Relator’s motion for leave to file in abeyance and
ordered the district clerk to respond with information concerning any orders designating issues and
the date the State was served with the writ application. In response to this Court’s order, the
respondent District Clerk submitted an affidavit stating that they have no record of an application
for a writ of habeas corpus in cause number 884460. As the district clerk has no record of a writ
application filed in cause number 884460, the respondent is under no current ministerial duty with
respect to Relator’s alleged application attacking cause number 884460. Relator’s motion for leave
to file a petition for writ of mandamus relating to cause number 884460 is denied. 
            The district clerk forwarded a copy of an order designating issues in cause number 884472,
signed on July 30, 2009, and evidence that the District Attorney’s office received the application on
December 12, 2008. This Court has still not received this 11.07 application for a writ of habeas
corpus and now conditionally grants this motion for leave to file a petition for a writ of mandamus
because the order designating issues was untimely. 
            Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. Tex. Code Crim. Proc. art.
11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant’s confinement. Tex. Code Crim.
Proc. art. 11.07 §3(c). If the trial court determines that the application for writ of habeas corpus
presents such issues it “shall enter an order within 20 days of the expiration of the time allowed for
the state to reply, designating issues of fact to be resolved.” Id. Article 11.07 does not authorize the
trial court to extend the time limitations imposed by the statute, other than by a timely issuance of
an order designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). 
Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk
of the trial court to immediately transmit to this Court the record from the application for a writ of
habeas corpus, deeming the trial court’s inaction a finding that no issues of fact require further
resolution. Tex. Code Crim. Proc. art. 11.07, §3(c).
             In this case, Relator filed the application for writ of habeas corpus attacking cause number
884472 in the trial court on November 21, 2008. The district attorney’s office was served with the
writ application on December 12, 2008. The trial court signed an order designating issues on July
30, 2009, which was well after the time limitations provided in the statute had expired. This
untimely order interfered with the district clerk’s duty to transmit the application to this Court and
is therefore without effect. See Martin v. Hamlin, 25 S.W.3d 718, (Tex. Crim. App. 2000). The
district clerk has no authority to continue to hold Relator’s application for writ of habeas corpus and
is under a ministerial duty to immediately forward the application and related records in cause
number 884472, filed in the 230th Judicial District Court of Harris County, to this Court. 
            We conditionally grant mandamus relief and direct the Respondent to comply with this
opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within
thirty days of the date of this opinion. 

 


Filed: May 5, 2010
Do not publish