

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,612

**JOSEPH PERNELL RUTH, Relator**

**v.**

**HARRIS COUNTY DISTRICT CLERK, Respondent**

## ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 914967 IN THE 208ᵀᴴ JUDICIAL DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an application for a writ of habeas corpus in the 208th Judicial District Court of Harris County, that more than 35 days had elapsed, and that the application had not yet been forwarded to this Court.

On June 1, 2011, this Court held this application in abeyance and ordered the district clerk to respond. In response to this Court's order, the district clerk forwarded a copy of an order

designating issues which was entered on August 14, 2007. This Court has still not received this 11.07 application for a writ of habeas corpus and now conditionally grants this motion for leave to file an application for a writ of mandamus because the order designating issues was untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. *See* TEX. CODE CRIM. PROC. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a *timely* entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

In this case, Relator filed this application for a writ of habeas corpus in the trial court on April 10, 2007. The District Attorney acknowledged receipt of the application on May 22, 2007. The trial court entered an order designating issues on August 14, 2007, after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to

transmit this application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause no. 914967 filed in the 208th Judicial District Court of Harris County.

We conditionally grant mandamus relief and direct Respondent to comply with this opinion. The writ of mandamus will issue only in the event Respondent fails to comply.

Filed: August 24, 2011
Do not publish