

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,908

**CORDELL HINES, Relator**

**v.**

**HARRIS COUNTY DISTRICT CLERK, Respondent**

## ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 1278982 IN THE 230TH DISTRICT COURT
FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an application for a writ of habeas corpus in the 230th District Court of Harris County, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court.

On September 19, 2012, this Court held in abeyance and ordered the Harris County District Clerk to respond as to why Relator's habeas application had not been forwarded to this Court. In

response to this Court's order, the district clerk forwarded a copy of the State's acknowledgment that a copy of Relator's habeas application had been delivered to the District Attorney on July 18, 2012. The clerk also sent a copy of an order designating issues which was entered on September 10, 2012. This Court has still not received this 11.07 application for a writ of habeas corpus and now grants this motion for leave to file an application for a writ of mandamus because the order designating issues was untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." Id. Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a *timely* entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

In this case, Relator filed this application for a writ of habeas corpus in the trial court on May 10, 2012. The application was received by the State on July 18, 2012. The trial court entered an

order designating issues on September 10, 2012, which was after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to transmit this application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause no. 1278982 filed in the 230th District Court of Harris County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply.

Filed: November 7, 2012

Do not publish