IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-79,371-01






IN RE MICHAEL JAMIL TYLER, Relator






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. 936600 IN THE 179th DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.


OPINION




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an 11.07 application for a writ of habeas
corpus in the convicting court on December 11, 2012. He alleges that more than 35 days have
elapsed since the filing date, and asks this Court to order the district clerk to forward his 11.07
application. 

 On May 8, 2013, this Court held this application in abeyance and ordered the district clerk
to respond because more than 35 days had elapsed since the alleged filing date and this Court had
no record of a timely entered order designating issues. In response to this Court's order, the district
clerk forwarded a copy of an order designating issues which was entered on May 3, 2013. This
Court has still not received this 11.07 application for a writ of habeas corpus and now conditionally
grants this motion for leave to file an application for a writ of mandamus because the order
designating issues was untimely entered. 

 Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc.
Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). 
If the trial court determines that the application for writ of habeas corpus presents such issues it 
"shall enter an order within 20 days of the expiration of the time allowed for the state to reply,
designating issues of fact to be resolved." Id. Article 11.07 does not authorize the trial court to
extend the time limitations imposed by the statute, other than by a timely entry of an order
designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis
added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon
the clerk of the trial court to immediately transmit to this Court the record from the application for
a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require
further resolution. Art. 11.07, §3(c).

 In this case, Relator filed this application for a writ of habeas corpus in the trial court on
December 11, 2012. The State received the application on March 20, 2013. The trial court entered
an order designating issues on May 3, 2012, which was after the time limitations provided in the
statute had expired. This untimely order interfered with the district clerk's duty to transmit this
application to this Court and is therefore without effect. See Martin v. Hamlin, 25 S.W.3d 718, (Tex.
Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for
a writ of habeas corpus and is under a ministerial duty to immediately forward the application and
related records in cause no. 936600 filed in the 179th District Court of Harris County to this Court. 
 We conditionally grant mandamus relief and direct the Respondent to comply with this
opinion. The writ of mandamus will issue only in the event the Respondent fails to comply. 



 

Delivered: June 12, 2013

Do not publish