IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-81,451-01





EX PARTE ULYSSES TARVER, Relator





ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. 640489 IN THE 208TH DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.


OPINION




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus
in the 208th District Court of Harris County, that more than 35 days have elapsed, and that the
application has not yet been forwarded to this Court.

 The district clerk forwarded a copy of an order designating issues which was signed on June
3, 2014. This Court has still not received this 11.07 application for a writ of habeas corpus and now
conditionally grants this motion for leave to file an application for a writ of mandamus because the
order designating issues was untimely entered. 

 Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc.
Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted,
previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). 
If the trial court determines that the application for writ of habeas corpus presents such issues it 
"shall enter an order within 20 days of the expiration of the time allowed for the state to reply,
designating issues of fact to be resolved." Id. Article 11.07 does not authorize the trial court to
extend the time limitations imposed by the statute, other than by a timely entry of an order
designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without
a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial
court to immediately transmit to this Court the record from the application for a writ of habeas
corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. 
Art. 11.07, §3(c).

 In this case, Relator filed the application for a writ of habeas corpus in the trial court on
January 21, 2014. The district clerk's office has informed this Court that the district attorney's office 
was served the writ application on February 4, 2014. The trial court signed an order designating
issues on June 3, 2014, which was after the time limitations provided in the statute had expired. This
untimely order interfered with the district clerk's duty to transmit this application to this Court and
is therefore without effect. See Martin v. Hamlin, 25 S.W.3d 718, (Tex. Crim. App. 2000). The
district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus
and is under a ministerial duty to immediately forward the application and related records in cause
no. 640489 filed in the 208th Judicial District Court of Harris County to this Court. 

 We conditionally grant mandamus relief and direct the Respondent to comply with this
opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within
thirty days of the date of this opinion. 



Filed: June 25, 2014

Do not publish