

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,067-01

### IN RE ANDREW CLINTON BARNES, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 1179556A & 1179556B
### IN THE 183RD JUDICIAL DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### OPINION

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed two 11.07 applications for writs of habeas corpus in the convicting court on March 18, 2011 and October 11, 2011. He alleges that more than 35 days have elapsed since the filing dates and that timely orders designating issues have not been entered. He wants this Court to order the district clerk to forward his 11.07 applications.

On April 2, 2014, this Court held this application in abeyance and ordered the district clerk to respond because more than 35 days had elapsed since the alleged filing dates and this Court had no record of timely entered orders designating issues. In response to this Court's order, the district clerk forwarded copies of orders designating issues which were signed on June 16, 2014. This Court

has still not received the 11.07 applications for writs of habeas corpus and now conditionally grants this motion for leave to file an application for a writ of mandamus because the orders designating issues were untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. *See* TEX. CODE CRIM. PROC. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

In this case, Relator filed the applications for writs of habeas corpus in the trial court on March 18, 2011 and October 11, 2011. The district clerk's office has informed this Court that the district attorney's office was served the writ applications on March 23, 2011 and November 7, 2011. The trial court signed orders designating issues on June 16, 2014, which was after the time limitations provided in the statute had expired. These untimely orders interfered with the district

clerk's duty to transmit the applications to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's applications for writs of habeas corpus and is under a ministerial duty to immediately forward the applications and related records in cause numbers 11795560101A & 11795560101B filed in the 183rd Judicial District Court of Harris County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.

Delivered: September 17, 2014
Do not publish