Cause No. 15 305-C
18,857-19

Gilbert S. Damian

TDCJ-ID³382329,

v.

Walker County District Clerk:
In Her Official Capacity,

§
§
§
§
§
§
§
§
§
§

This document contains some pages that are of poor quality at the time of imaging.

In The District Court

Walker County, Texas.

278Th Judicial District

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

A. ___ PLAINTIFF"S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,Gilbert Damian,Relator,pro se in the above-style and numbered cause and files

this original Application For Writ Of Mandamus,pursaunt to Article 11.07 Sectiopn 3(c) of the Texas

Code of Criminal Procedure,and would show the Court the following:

B. RELATOR                                I.

1.01 Gilbert Damian,TDCJ#382329 is an offender incarcerated in the Texas Department of Criminal Justice

and is appearing pro se, who can be located at Polunsky Unit,3872 FM 350 South,Polk County,Texas 77351

1.02 Relator has exhausted his remedies and has no other adequate remedy at law.

1.03 The act sought to be comp-lelled is ministerial not discretionary in nature.TCCP Art. 11.07

Section 3(c) requires Respondent to immediately transmit to The Court Criminal Appeals a copy of

the application for writ of habeas corpus,any answers filed,and a certificate reciting the date

upon which that finding was made,if the convicting court decides that there are no issues to  be

resolved.No copy of the application for writ of habeas corpus,any answers filed,and a certificate

reciting the date upon which that finding was made have been transmitted to The Court Criminal

Appeals.Had such documents been transmitted to the Court Criminal Appeals by Respondent as re-

quired by statute,relator would have recieved notice from The Court Criminal Appeals.

C  RESPONDENT                              II.

2.01 respondent,Gilbert Damian,in her/his capacity as District Clerk of Walker county,Texas has

a ministerial duty to recieve  and file all papers in a crinminal proceeding,and perform all other

duties imposed on the clerk by law pursuant to TCCP Art. 2.21,and is responsible under TCCP 11.07

1

Sec. 3(c) to immedeiately transmit to The Court of Criminal Appeals a copy of the application for writ of habeas corpus,any answers filed,and a certificate reciting the date upon which that finding was made if the convicting court decided that there are no issues to be resolved. The District Clerk,Walker County may be be served at her/his place of business at Walker County, Huntsville,Texas 77342.

## III.

D. <u>VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE</u>

3.01 The Responde4nt violated Article 11.07 section 3(c) of the Texas Code of Criminal Precedure by failing to provided a copy of the application for writ of habeas corpus,any answers filed and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time presribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

3.02 requests for the transmittal of the application for writ of habeas corpus,any answers filed, and a certificate reciting the date upon which that finding was made were made by Relator to District Clerk,Walker County, letters dated August 19,2009 State's Motion to Designate Issues and a Proposed Order Designating Issues purauant to Article 11.07 Section 3(c) of thev Code of Criminal Procedure True and accurate copies of the above Document s are attached hereto as Exhibits"A" through "B" and are incorporated by reference herein for all purposes.

3.03 To date Relator has recieved no response from Rependent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus,any anwers filed and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letters,Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the application for a writ of habeas corpus,any answers filed,and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such records are required by The Court of Criminal Appeals to act on Relator's writ of habeas corpus.Relator has gone well beyond any requirement or obligations imposed upon him by The Texas Code of Criminal Procedure.In contrast to Relator's efforts Respondent has wholly failed to comply with the Texas Code of Criminal Procedure,Article 11.07 Section 3(c),is acting in bad faith,and has also

2

fail afford Relator the prfessional and common courtesy of any written responses to his correspondence and requests.

3.05 Article 11.07 Section 3(c) clearly states that "[i]f the convicting court decides that there are no such issues,the clerk shall immediately transmit [emphasis added] to the Court of Crimininal Appeals a copy of the the application any answers filed and a certificate reciting the date upon which that finding was made.Failure of the court to act within the allowed 20 days shall constitute such a finding."Texas Code of Criminal Procedure Article 11.07 Sec. 3(c). Respondent is in violation of this procedure,nministerial duties,and thus the laws of this state.

IV.

D. PRAYER FOR RELIEF

WHEREFORE,PREMISES CONSIDERED Relator,Gilbert Damian,pro se,respectfully request a finding that the Respondent did not transmit documents to the Court od Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed.Relator prays for an Order directing Respondent to trnasmit copy of the application for writ of habeas corpus,any answers filed and certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's letters (Exhibits"A" through"B").

Respectfully Submitted,

By
RELATOR

3

THE STATE OF TEXAS                                    §
                                                      §
COUNTY OF POLKER                                      §
                                                      §

E. AFFIDAVIT

I swear under oath the facts and allegations in the above APPLICATION FOR WRIT OF MANDAMUS are true

and correct.

_____
·RELATOR




F. CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on February

25,2015 by placing a copy in the U.S. Mail addressed To:

on this the day of February 2015.

    Court of Criminal Appeals
        P.O. Box 12308
     State Capital of Texas
    Austin,Texas 78711*2308*USA

_____
RELATOR

CAUSE NO.115305C

| | | |
|---|---|---|
| Gilbert Damian | § | IN THE 278TH JUDICIAL |
| TDCJ-ID #382329 | § | |
| | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| UNKNOWN COUNTY DISTRICT CLERK, | § | WALKER COUNTY,TEXAS |
| IN HER OFFICIAL CAPACITY, | § | |
| RESPONDENT. | § | |
| | § | |
| | § | |

ORDER

On this day,came to be heard the foregoing Relator's application for writ of Mandamus and it appears to the Court that the same should be:

_____ GRANTED

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus,any answers filed and a certificate reciting the date upon which trnsmittal was made.

SIGNED on this the ____ day of _____,20 ____ .


_____
PRESIDING JUDGE

"EXHIBIT A & B"

## THIS TIME IS CONSECUTIVE

On the _22nd_ day of _January_, 19_90_ the above referenced cause was called to trial. The parties appeared as follows: the State appeared by it's Special Prosecutor, and the defendant, _Gilbert Damian_, appeared in person with his attorney of record _Elizabeth Derivage_. Both parties announced ready for trial, and the defendant, having waived his right to a jury trial, entered his plea of guilty to the offense of _Aggravated Assault on a Correctional Officer_, committed on _July 13_, 19_88_. After the reading of the indictment was waived and evidence for the State and the Defendant was submitted and concluded, and argument of counsel for the State and Defendant was submitted and concluded, and argument of counsel for the State and Defendant was heard and concluded, the Court mad the following findings:

THE DEFENDANT IS GUILTY AS CHARGED IN THE INDICTMENT.

Thereupon, the said Defendant having previously requested that the Court assess the proper punishment, and upon hearing all the evidence submitted by and on behalf of the State and Defendant, the Court is of the opinion and so finds the proper punishment of the Defendant should be confinement in the Texas Department for a term of _Six_ (_6_) years.

It is therefore CONSIDERED, ADJUDGED AND ORDERED by the Court that the Defendant, _Gilbert Damian_, is guilty of the offense of _Aggravated Assault on a Correctional officer_ committed on _July 13_, 19_88_, and that he be punished by confinement in the Texas Department of Corrections for a term of _Six_ (_6_) years, and that such punishment be carried into execution in the manner prescribed by law. It is further ORDERED by the Court that the Judgment and Sentence in this cause shall began to run after the Sentence of law in cause no. _17,111_ received on the _11th_ day of _December_, 19_87_, in the _23rd_ District Court of _Brazoria_ County, Texas, for the offense of _Aggravated Assault on a P.O._ for which the defendant received _twenty Five (25)_ years, has ceased to operate.

The Defendant is hereby remanded in jail until the directions of this sentence can be obeyed.

_____

_____
JUDGE PRESIDING

NO. 15305-C

STATE OF TEXAS                        *          IN THE   DISTRICT COURT OF

VS.                                   *          _Walker_ COUNTY, TEXAS

_Gilbert Damien_                      *          278 TH JUDICIAL DISTRICT

JUDGEMENT AND SENTENCE ON PLEA OF
GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

JUDGE                                            DATE OF
PRESIDING: _Erwin Ernst_                         JUDGEMENT _Jan. 22, 1990_

ATTORNEY FOR                                     ATTORNEY FOR
STATE: _Mark Patterson_                          DEFENDANT: _Elizabeth DeRieux_

OFFENSE
CONVICTED OF: _Aggravated Assault on a Correctional Officer_

DEGREE OF OFFENSE: _3-d_      DATE OFFENSE COMMITTED: _July 13, 1988_

CHARGING INSTRUMENT:  INDICTMENT                 PLEA:  GUILTY

TERMS OF PLEA BARGAIN:  TIME TO BE STACKED IN  T.D.C.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEA TO ENHANCEMENT                    FINDINGS ON
PARAGRAPH(S):      WAIVED              ENHANCEMENT:      N/A

FINDING ON USE OF DEADLY FORCE: _N/A_

PUNISHMENT AND                         DATE TO
PLACE OF CONFINEMENT: T.D.C.           COMMENCE:    SEE BELOW

DATE SENTENCE
IMPOSED: _Jan. 22, 1990_               COST:    -0-

TIME                                   TOTAL AMOUNT OF
CREDITED: _396 days_                   RESTITUTION/REPARATION: _0_

R. _Judge_ / THUMBPRINT OF GILBERT DAMIEN



## SPECIAL PROSECUTION UNIT
340 Hwy. 75N., Suite A
Huntsville, Texas 77320
(936) 291-2369
Fax (936) 291-0845

August 19, 2009

Kimberly Blackwill
% Walker County District Clerk
301 Courthouse
1100 University Ave.
Huntsville, Texas 77340

Re: Cause No. 15305C(A-1), Ex Parte Gilbert Damian

Dear Kimberly:

Enclosed for filing please find the State's Motion to Designate Issues and a Proposed Order Designating Issues. **Please present these to the judge for his consideration along with the application for habeas corpus.** By copy of this letter, pro se applicant is being notified of this filing.

Thank you for your assistance with this matter. If you need anything further, please call.

Sincerely,

Melinda Fletcher, Appellate Attorney
Special Prosecution Unit
State Bar Card No 18403630

P O Box 1744
Amarillo, Texas 79105
Phone 806 367 9407
Fax     806 367 9407

cc: Gilbert Damian

# CAUSE NO. 6430-A

EX PARTE

§ IN THE 278TH JUDICIAL

§ DISTRICT COURT OF

GILBERT DAMIAN

§ WALKER COUNTY, TEXAS

## STATE'S REQUEST TO DESIGNATE ISSUES

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas, by and through Melinda Fletcher, post-conviction attorney for the Special Prosecution Unit, and moves this Court to enter an order designating issues of controverted, previously unresolved fact to be resolved. On July 23, 2009, Gilbert Damian filed an application for writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07, seeking to challenge his final felony conviction for aggravated assault.

An application filed under article 11.07 provides for a prompt review by the trial court to determine whether the application alleges any facts, which if true, could entitle the applicant to relief. *See* art. 11.07, § 3 (c). If the court determines that controverted facts do exist, is shall enter an order designating the issues of fact to be resolved. Art. 11.07, § 3 (d); *see Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000) (holding the trial court has a duty to designate issues if it determines a habeas application contains controverted issues.). Upon entry of an order designating issues, the clerk does not have a duty to forward the application to the Court of Criminal Appeals, until the trial court has resolved those issues and entered its findings. *See* art. 11.07, § 3 (d).

The State believes that the information from appellant's trial attorney will assist the Court in determining whether facts exist material to the legality of Applicant's confinement before his application is forwarded to the Court of Criminal Appeals.

Consequently, the State requests the Court enter an order designating issues ordering applicants trial attorney, Elizabeth Derieux, to file an affidavit within thirty (30) days of the signing of this order, addressing applicant's claim of ineffective assistance of counsel.

Further, the State requests both parties be allowed an additional thirty (30) days, after the receipt of the affidavit(s) to prepare their responses to applicant's claims.

**WHEREFORE, PREMISES CONSIDERED,** the State prays that this Court enter the State's Proposed Order Designating Issues.

Respectfully submitted,

Melinda Fletcher
Post-Conviction Attorney
Special Prosecution Unit
P O Box 1744
Amarillo, Texas 79105
Phone & Fax 806.367.9407
Texas Bar Card No. 18403630

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2009, a true and correct copy of the State's Request to Designate Issues and Order were mailed postage prepaid to pro se applicant, Gilbert Damian, TDC # 382329, % TDCJ Wynne Unit, Huntsville, Texas 77349.

**Melinda Fletcher**

## CAUSE NO. 6430-A

EX PARTE                          §    IN THE 278TH JUDICIAL

                                  §    DISTRICT COURT OF

GILBERT DAMIAN                     §    WALKER COUNTY, TEXAS

## ORDER DESIGNATING ISSUES

**The Court**, having reviewed Applicant's application for writ of habeas corpus filed pursuant to TEX. CODE CRIM. PROC. art. 11.07, decides that there is a question of whether there may be controverted, previously unresolved facts material to the legality of Applicant's confinement that require resolution. Accordingly, the Court designates the following issues to be resolved: whether applicant's counsel was ineffective.

A hearing shall be conducted by affidavit. Applicant should <u>not</u> be returned to Walker County. **Applicants trial attorney, Elizabeth Derieux, shall each prepare an affidavit**, responding to the above-designated issues. The attorney is encouraged to obtain other affidavits as may be necessary to resolve these issues.

The original affidavits shall be submitted to the Clerk of this Court with a copy mailed to the applicant, Gilbert Damian, TDC # 382329, % TDCJ Wynne Unit, Huntsville, Texas 77349, and the State's post-conviction attorney, Melinda Fletcher, P O Box 1744, Amarillo, Texas 79105, **no later than September 30th, 2009.**

Upon receipt of the affidavit(s), each party is allowed to file a response and submit it to the Clerk of this Court with a copy mailed to the opposing party, no later October 30th, 2009.

**The Clerk of this Court** is directed to send a copy of the writ application along with attached exhibits, to applicant's trial attorney, Elizabeth Derieux, P O Box 2649, Longview, Texas 75606.

**The Clerk of this Court** is also directed to send a copies of this Order to:

(1)    The State's post-conviction attorney, Melinda Fletcher,
       P O Box 1744, Amarillo, Texas 79105;

(2)    Pro Se Applicant, Gilbert Damian, TDC # 382329,
       % TDCJ Wynne Unit, Huntsville, Texas 77349; and

(3)     Applicant's attorney at trial, Elizabeth Derieux,
        P O Box 2649, Longview, Texas  75606.


                        SIGNED this, the ____ day of August, 2009.


                        _____
                        **JUDGE PRESIDING**