

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,067-01

### IN RE JOSE LUIS BAZAN, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 1250348-A IN THE 248th DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in the 248th District Court of Harris County on or about June 23, 2014, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court. Relator alleges that the district court entered an order designating issues on July 14, 2014. However, this Court's records indicate that a copy of Relator's habeas application was served on the State on July 3, 2014, and that the trial court did not sign the order designating issues until November 13, 2014.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. See Tex. Code Crim. Proc. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." Id. Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

If this Court's records are correct, and the trial court did not sign the order designating issues until November 13, 2014, then this untimely order interfered with the district clerk's duty to transmit this application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause no. 1250348-A filed in the 248th District Court of Harris to this Court.

If this Court's records are incorrect and Relator's contention that the trial court signed the order designating issues on July 14, 2014, is correct, then the trial court's order designating issues was timely. In that case, the trial court was required to resolve any issues timely designated for resolution within 180 days from the date of receipt of the application by the State, and the district clerk had a duty to forward the application to this Court on the 181st day from the date of receipt of the application by the State. TEX. R. APP. P. 73.5.

Respondent, the Judge of the 248th District Court of Harris County, shall file a response with this Court by having the District Clerk submit the record on such habeas corpus application. In the alternative, Respondent may resolve the issues set out in the order designating issues and then have the District Clerk submit the record on such application. In either case, Respondent's answer shall be submitted within 30 days of the date of this order. This application for leave to file a writ of mandamus will be held in abeyance until Respondent has submitted the appropriate response.

Filed: April 22, 2015
Do not publish