85,129-01

CASE No._____

TRIAL COURT CAUSE No. 17450_____

| | | |
|---|---|---|
| STANLEY RENARD TILLEY Sr. Relator | § | IN THE COURT OF |
| | § | |
| vs. | § | CRIMINAL APPEALS |
| | § | |
| BASCOM W. BENTLY III Respondent | § | AUSTIN, TEXAS. |
| Acting in Official Capacity as | § | RECEIVED IN |
| Judge of the 2nd Judical District | | COURT OF CRIMINAL APPEALS |
| Court of Cherokee County, Texas. | § | |

APPLICANT ORIGINAL APPLICATION WRIT OF MAY 23 2016
MANDAMUS WITH BRIEF IN SUPPORT

TO THE HONORABLE JUSTICES OF SAID COURT:          **Abel Acosta, Clerk**

Comes Now, STANLEY RENARD TILLEY Sr, Relator, pro-se, in the above styled and numbered cause, and files his original application for Writ of Mandamus pursuant to article 11.07, Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

ONE

Relator Tilley has exhausted his remedies, and has no other adequate remedy at law. WALKER v. PACKER, 827 SW.2d 833 (Tex. 1992).

TWO

The act sought is ministerial, and not discretionary in nature mandated in the Texas Code of Crim. Proc. 11.07 § 3(c)(d), requiring the trial court to complete all work, and transmit to the court of Criminal Appeals the application, and it's recomendation to grant, or deny relief. The trial court is to complete all work within 35-day's. Under Sec.(3)(d), if the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of of the applicant's confinement, it shall enter an order within 20 day's of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved.

(1)

## THREE

Relator Tilley filed his writ of habeas corpus (December 18, 2015), and no copy of the application for writ of habeas corpus, no answers, and no responsive pleading reciting the date upon which findings were made, and then transmitted to the court of Criminal Appeals. Had such document's of finding and facts been entered by the trial court, and then sent to the Court of Criminal Appeals by the respondent as required by statue, relator Tilley would have received notice from the Court of Criminal Appeals. [Received on such date]. McCREE v. HAMPTON, 824 SW.2d 578 (Tex.Crim.App. 1992).

## FOUR

The trial court has a ministerial duty to resolve all work, and issues designated as required for resolution by all customary mean's in a timely manner. Id. 11.07 Sec.3(c)(d).

The great writ of habeas corpus is one of expediency so as to avoid innocent citizen's from languishing in prison needlessly. MURRAY v. CARRIER, 106 S.Ct. 2639, 2645, (1986).

## FIVE

Violation of article 11.07 of the Texas Code of Criminal Procedure, the trial court (respondent) has procedurally failed to provide a copy of the application in this cause number, a answer, or a certificate reciting the date upon which fact findings were made, or if any made and sent to the Court of Criminal appeals within the time frame of 35-day's provided by the statue 11.07 within a reasonable time from the date which the applicant Tilley documents were requested to be recorded and be transmitted by the operation of law. McCREE, 824 SW.2d at 579.

The applicant Tilley made request's in: Ex Parte STANLEY R. TILLEY cause number 17450 to the Honorable judge Bascom W. Bentley III of the 2nd Judicial District Court of Cherokee County, Texas, and District Clerk Janet Gates of Cherokee County, Texas., by first class mail requesting compliance with the statutory provisions to no avail. MARTIN v. HAMLIN, 25 SW.3d 718, 719 (Tex.Crim.App. 2000).

To date of this writ of mandamus, relator has not received a response nor an answer from the trial court regarding relator Tilley's request for transmittal of a copy of the application for writ of habeas corpus art. 11.07, and it's findings of the facts an conclusions of law to be forwarded to the Court of Criminal Appeals.

It is clear from the record before the court, relator has repeatedly put the respondent on notice that relator Tilley seeks the fact findings by the trial court forwarded to the Court of Criminal Appeals, and that such records are required by the Court of Criminal Appeals to act on relator's writ of habeas corpus

The relator Tilley has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to relator's effort's, respondent has wholly failed to comply with the Texas Code of Criminal Procedure, art. 11.07 Sec.3(c) acting in bad faith has also failed to afford relator the professional and common courtesy of any written responses to his corresp ondence and requests.

Article 11.07 Section 3(c)(d) clearly promulgated to ensure the writ be one of expedience, not to be placed on the back burner of the trial court docket indefinitely.

## PRAYER

WHEREFORE, Premises considered, the relator Stanley R. Tilley Id. #01629351 proceeding pro-se, respectfully requests a finding that the respondent has not resolved the issues designated for resolution , or if respondent has done so, he has wholly failed to direct the clerk of the court to transmit documents to the Court of Criminal Appeals within reasonable time after date the issues in question were resolved, and that relator brought this litigation in good faith, and has substantially prevailed.

Relator Tilley, prays for and order directing respondent to direct the clerk of the court to transmit a copy of the application for writ of habeas corpus any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in article 11.07 Sec.3(c) of the Texas Code of Criminal Procedure.

(3)

_MAY 20_ 2016.

RESPECTFULLY SUBMITTED

_Stanley Tilley Sr._

STANLEY RENARD TILLEY Sr.

#01629351   WYNNE UNIT

810   FM 2821

HUNTSVILLE, TEXAS.

77349.

## INMATES DECLARATION

I, Stanley Renard Tilley Sr., hereby swear under the penalty of perjury that the forgoing information is true, and correct to my knowledge.

_MAY 20_ 2016.

_Stanley Tilley Sr._

STANLEY RENARD TILLEY Sr.

## CERTIFICATE OF SERVICE

I, Stanley Renard Tilley Sr., hereby certify that a true and correct copy of the forgoing information has been forwarded to the respondent in the 2nd Judicial District Court of Cherokee County, Texas 75785., on this date by U.S. Mail.

_MAY 20_ 2016.

_Stanley Tilley Sr._

STANLEY RENARD TILLEY Sr.