

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-84,823-01

### IN RE STEPHEN COLEMAN SHOCKLEY, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. W366-82727-09-HC IN THE 366TH DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

### O P I N I O N

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in the 366th District Court of Collin County, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court.

The district clerk forwarded a copy of an order designating issues which was signed on April 21, 2016. This Court has still not received this 11.07 application for a writ of habeas corpus and now

conditionally grants this motion for leave to file an application for a writ of mandamus because the order designating issues was untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. *See* TEX. CODE CRIM. PROC. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

In this case, Relator filed the application for a writ of habeas corpus in the trial court on December 21, 2015. The district clerk's office has informed this Court that the district attorney's office was served the writ application on January 5, 2016. The trial court signed an order designating issues on April 21, 2016, which was after the time limitations provided in the statute had expired. This untimely order interfered with the district clerk's duty to transmit this application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The

district clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in Cause No. W366-82727-09-HC filed in the 366th Judicial District Court of Collin County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.

Filed: June 15, 2016
Do not publish