**Petition for Writ of Mandamus Denied and Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00472-CR

---

### IN RE RONNALD LOUIS BARROW, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1219111**

---

## MEMORANDUM OPINION

On June 11, 2018, relator Ronnald Louis Barrow filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the district clerk and the presiding judge of the 337th District Court of Harris County to forward

a copy of an application for writ of habeas corpus to the Court of Criminal Appeals that he allegedly filed with the district court on January 8, 2016.

After certain conditions have occurred, the clerk has a duty to transmit a copy of the application for writ of habeas corpus to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015).

We do not have jurisdiction to issue a writ of mandamus against the district clerk because the clerk is not one of the parties specified in section 22.221(b) of the Texas Government against whom we many issue a writ. *See* Tex. Gov't Code Ann. § 22.221(b). Nor is it necessary to issue a writ against the clerk to enforce our appellate jurisdiction. *See id*. § 22.221(a). Jurisdiction of a clerk's alleged failure to comply with article 11.07 lies with the Court of Criminal Appeals. *See Martin v. Hamlin*, 25 S.W.3d 718 (Tex. Crim. App. 2000).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). "As a rule, mandamus is not available to compel an action which has not first been demanded and refused." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991). Relator is not entitled to mandamus relief against the presiding judge because relator has not provided our court with a certified or sworn record showing that he requested the presiding judge to grant the relief he seeks and that the judge refused such relief.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).