42,979-01

Mr. Mario Perez
TDCJ-CID #1534249
Connally Unit
899 FM 632
Kenedy, Texas 78119

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 2 5 2015 tcv

Abel Acosta, Clerk

February 22, 2015

Texas Court of Criminal Appeals
Court Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 1 0 2015

Abel Acosta, Clerk

Re: Ex parte Mario Perez, Trial Court Nos. 2006-CR-5055B-W1, 2006-CR-5056B-W1,
2006-CR-5057B-W1 (399th District Court Bexar County, Texas)

Dear Court Clerk:

Unfortunately, I must notify you that neither the 399th District Court of
Bexar County, Texas, nor the Bexar County District Clerk is complying with the
provisions of Texas Rule of Appellate Procedure 73 in the above Article 11.07
cause numbers. Please contact the Bexar County District Clerk and direct her
to forward my three Applications for Writ of Habeas Corpus, the supporting
documents and related records to your office so you can present them to the
Court. Thank you for your assistance. Details are below.

On March 13, 2014, I filed three Applications for Writ of Habeas Corpus—one
for each of the above cause numbers. In April 2014, the Trial Court entered an
order designating issues to be resolved directing my trial attorney Michael
Machado to file a written affidavit in response to my allegations of ineffec-
tive assistance of counsel. The Trial Court's deadline for Mr. Machado to file
a response was May 30, 2014.

Mr. Machado did not file a response, and the Trial Court has not held a hearing
or entered any other orders. Neither the State nor the Trial Court has
received an extension of time from the Court of Criminal Appeals. On February
6, 2015, I mailed a letter to the Bexar County District Clerk asking her to
forward my Applications, the supporting documents and related records to the
Court of Criminal Appeals. I received no response.

Under the new provisions of Texas Rule of Appellate Procedure 73, the Trial
Court no longer has jurisdiction to conduct any further proceedings in the
above cause numbers and must forward the Applications and supporting documents
and related records to your office so you can present them to the Court of
Criminal Appeals. See Tex.R.App.P. 73.5 (requiring the convicting court to
resolve designated issues or request an extension of time within 180 days from
date State receives application); Tex.R.App.P. 73.4(b)(5) (requiring district
clerk to forward habeas applications to Court of Criminal Appeals on the 181st
day from date of receipt of application unless district court received an
extension of time from Court of Criminal Appeals); see also Martin v. Hamlin,
25 S.W.3d 718, 719 (Tex.Crim.App.2000) (explaining that district clerk has no
authority to continue to hold habeas application after deadline and is under

ministerial duty to immediately forward application and related records to Court of Criminal Appeals).

For these reasons, I respectfully ask you to direct the Bexar County District Clerk to forward my three Applications for Writ of Habeas Corpus, the supporting documents and related records to your office immediately for presentment to Court of Criminal Appeals.

Thank you very much for your time and assistance.

Respectfully submitted,

Mario Perez

CC:  File.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 25 2015

Abel Acosta, Clerk