

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
501 West 5ᵗʰ Street, Suite 1100
Austin, Texas 78701

JEANNETTE J. CLACK
CLERK OF COURT

PHILIP J. DEVLIN
CHIEF DEPUTY

**August 19, 2015**

Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 21 2015

Abel Acosta, Clerk

To Whom It May Concern,

The enclosed documents were received on August 17, 2015. It appears they were addressed to us in error and are intended for your court.

If this office can assist you in any other manner, please let us know.

Very truly yours,


JEANNETTE J. CLACK, Clerk
By: Deputy Clerk/AD


CC: Dietrick Lewis Johnson, Sr.

DIETRICK L. JOHNSON SR.
19831-078
BEAUMONT FCC COMPLEX (MED)
P.O. BOX 26040
BEAUMONT, TEXAS 77720

83,532-01
RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 21 2015

Abel Acosta, Clerk

COVER LETTER TO BE SENT WITH DOCUMENTS

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-83,532-01

IN RE DIETRICK LEWIS JOHNSON, SR, RELATOR

ON APPLICATION FOR WRIT OF MANDAMUS
CAUSE NOS. 219-81234-2012, 219-81235-2012, 219-82905-201?
IN THE 219th DISTRICT COURT FROM COLLIN COUNTY.

I HAVE ENCLOSED THE FOLLOWING DOCUMENTS FOR YOUR REVIEW: DOCKET SHEET, CASE NO 219-81234-2012, DATE IN QUESTION, "APRIL 15, 2013," BRADY MATERIAL, PHONE RECORDS WERE WITHHELD BY THE PROSECUTION, EXCULPATORY EVIDENCE THAT WAS IN FAVOR OF THE DEFENSE. PHONE RECORDS DEMONSTRATED THE COMPLAINING WITNESS GAVE PERJURED SIGNED STATEMENT OF IMPORTANT FACTS TO THE GRAND JURY BEFORE THERE INDEPENDENT ROLE OF INVESTIGATION. 11.07 WRIT OF HABEAS CORPUS MEMORANDUM IN SUPPORT, COPY OF LETTER'S WRITTEN TO DEFENSE COUNSEL AND LETTER HE WROTE TO ME. DESIGNATING ISSUE'S, AND DOCUMENT DEMONSTRATING PROSECUTORIAL MISCONDUCT.

1).

July 26th, 2015
Sunday @ 7:00 A.M.

BOSTED:

SINCE I CAN'T SEEM TO GET YOU ON THE PHONE, AND NOW EMAIL, ONTO THIS LINE OF COMMUNICATION WITH YOU! I REFUSE TO GET INTO WHAT YOU'VE DONE, WHAT YOU ARE OR NOT DOING, BECAUSE THE LORD KNOWS BEST, AND IT'S NOTHING ON EARTH THAT WE DO OR SAY GO UNNOTICED IN HIS EYE'S. WE ARE NOT PERFECT APRIL, BUT I WANT YOU TO UNDERSTAND MY WORLD, THE LIFE I LIVE IN ON A DAY TO DAY BASIS, THAT'S TOTALLY DIFFERENT FROM THE LIFE YOU DWELL IN. SEE IN MY WORLD, MY WORD IS ALL I GOT, I DON'T BREAK IT FOR NO ONE, I DO WHAT I SAY, AND MEAN WHAT I SAY. TELLING SOMEONE SOMETHING IN PRISON, THAT'S UNTRUE, OR YOU GO BACK ON YOUR WORD, GET YOU KILLED IN MY WORLD. I GUESS THAT'S A PART OF MY EVERYDAY EXISTENCE THAT YOU DON'T UNDERSTAND. WELL, THAT'S ENOUGH OF THAT, (DUET. 4:31) THE LORD IS MERCIFUL APRIL! Ps. 62:12; 107:1, IS ALL I CAN SAY TO YOU! 2 Cor. 10:3; ISAIAH 1:18.

HOWEVER, I HAD MY SECOND SURGERY LAST WEEK, AND CHEMO, I AM CONSTANTLY SICK ON THE STOMACH.

3).

So that's out of my way. I only talk to my mom, son and boys Donald and Nate. I be in that law library, doing research and working on my case's. I see it all coming to a head now, it's been a long, slow process. I had to send a letter to the Designating and computation complex in Grand Prairie, Texas, because they still have case no. 4:13CR88, appeal no. 4:14CV461 on me, they will send me to a low and get me out of this level prison once they correct their records. That will be better, but I want the day to come when I can walk out the front door and retain the life that was wrongfully stripped away from me.

I hope all is well with you, the kids, your studies and whatever is revolving around your life these days.

Hey, I'll thank you in advance for sending the documents to the appeals court.

P.S. I am not mad at you April, it's not my place to pass judgment on you or anyone else to that matter. Only God can judge, not me! I am a work in progress and struggle with my own inprofections.

Love always,
Dietrick Sr.

EXHIBIT-C



## UNDER THE TEXAS PENAL CODE

U.S. Department of Justice
Office of Professional Responsibility
950 Pennsylvania Ave. NW
Washington, DC 20530

May 15, 2015

RE: The machination's committed by the State and U.S.

Assistant District Attorney's as follows:

Dear OPR Dept.:

On November 28, 2012, State of Texas case number's; "219-81234-2012, 219-81235-2012 and 219-82905-2012. Assistant District Attorney; "Cynthia A. Walker," postponed a 9:30 AM Pre-Trial Hearing, with Honorable Judge "Scott J. Becker." residing. Further, drove to meet up with this Petitioners U.S. Assistant District Attorney; "Tracey M. Batson," whose the prosecutor in defendants parallel case's; to retrieve a copy of his Federal (11)(C)(1)(C) Plea Agreement. D.A. Walker went to doctrine the petitioner's federal (11)(C)(1)(C) plea agreement, to make it suit her Aggravated Kidnapping case she was prosecuting against this defendant in his State parallel case's. Further, in federal Court, all weapon violation's was dismissed against this defendant during plea negotiations.

On November 28, 2012, at 1:30 PM postponed Pre-Trial hearing in Case NO. 219-81234-2012, 219-81235-2012 and 219-82905-2012. D.A. Walker entered this federal plea agreement into the Court's record, now saying petitioner gave U.S. Marshal's verbal consent

to search a parked, locked vehicle on private property, where a firearm was recovered. Therefore, they (Prosecutor's) doctrined the plea agreement to fit an Aggravated Kidnapping, using the federal (11)(C)(1)(C) plea agreement as a confession to find this petitioner guilty on all his State parallel case's.

Under Texas Penal Code, Section 32.48 (Simulating Legal Process) (a) A person commits an offense if the person recklessly causes to be delivered to another any document that simulates a simmons, complaint, judgment, or other Court process with the intent to: (2) Cause another to; (A) Submit to the putative authority of the document, or (d) If it is shown on the trial of an offense under this section that the simulating document was filed with, presented to, or delivered to a Clerk of a Court or an Employee of a Clerk of a Court created or established under the constitution or laws of this State, there is a rebutable presumption that the document was delivered with the intent described by section (a).

On November 28, 2012, State Assistant District Attorney entered this federal (11)(C)(1)(C) Plea Agreement, into the States record to use as a confession against this petitioner.

After this petitioner saw that the State of Texas was using his Federal Plea Agreement against him, he entered a Motion in Federal Court to withdraw his guilty plea.

On January 30, 2013, at petitioner's Federal hearing to withdraw his guilty plea, the U.S. Assistant District Attorney, had the State Assistant District Attorney actively participating

In the petitioner's federal hearing to withdraw his guilty plea, on video and audio, sitting at the table for federal prosecuting Attorney's.

On March 4, 2013, the United States Magistrate Judge; "Amos L. Mazzant," in his fact finding and recommendation to the District Judge, was to grant petitioner a right to withdraw his guilty plea and to take the case to trial before a jury.

On March 18, 2013, U.S. and State Assistant District Attorney's entered an Objection, certifying that the State of Texas would not use the Federal (11)(C)(1)(C) Plea Agreement as a confession in petitioner's State parallel case's. Further; knowing that the federal plea agreement was already entered into the State's record "November 28, 2012," as confession, five (5) months prior to even entering this objection March 18, 2013.

On April 10, 2013, U.S. District Judge; "Marcia A. Crone," denied the Magistrate Judge fact finding and recommendation, on the grounds that the State of Texas certified that they would not use the Federal Plea Agreement as a confession with the State, and made the guilty plea stand.

Pursuant to the Texas Penal Code, Section 36.04, Improper Influence (a) A person commits an offense if he privately addresses a representation, entreaty, argument, or other communication to any public servant who exercises or will exercise official discretion in an adjudicatory proceeding with an intent to influence the outcome of the proceeding on the basis of consider-

ations other than those authorized by law. (B) for purposes of this section, "adjudicatory Proceeding," means any proceeding before a Court or any other agency of Government in which the Legal rights, powers, duties, or privileges of specified parties are determined.

Under the Texas Penal Code, section 36.02, Bribery (a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another: (1) Any benefits as consideration for the recipient's decision, (Slam Dunk's in both, State and Federal Court's, by getting the guilty plea to stand), opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter; (2) any benefits as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial or administrative proceeding; (4) (C) It is no defense to prosecution under this section that the benefit is not offered or conferred or the the benefit is not solicited or accepted until after; (1) the decision, opinion, recommendation, vote, or other exercise of discretion has occurred; or (2) the public servant ceases to be a public servant.

It's clear that this petitioner was tag teamed by State and U.S. Assistant District Attorney's, who deceived the Federal Court Judge's, simply to set themselves up with slam dunks in both Court's. Further, denying this petitioner his 5th and 14th Amendment to the United States Constitution, depriving him a right to due process and equal protection of the law, by denying him a right to take the case to trial before a jury.

Under the Texas Penal Code, section 37.03, Aggravated Perjury, (a) A person commits an offense if he commits perjury as defined in section 37.02, and the false staement: (1) Is made during or in connection with an official proceeding; and (2) Is Material. (b) An offense under this section is a felony of the third degree.

Section 37.04, Materiality, (a) A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have effected the course or outcome of the official proceeding. (b) It is no defense to prosecution under section 37.03 (Aggravated Perjury) that declarant mistakenly believed the statement to be immaterial. (C) Whether a Statement is material in a given factual situation is a question of law.

37.13, Record of a Fraudulent Court, (a) A person commits an offense if the person makes, presents, or uses any document or other record with: (1) Knowledge that the document or other record is not a record of a Court created under or established by the constitution or laws of this State or of the United States.

Respectfully submitted,

(8)Dietrick Lewis Johnson
Dietrick Lewis Johnson SR.
19831-078
Beaumont FCC (MED)
P.O. BOX 26040
Beaumont, Texas 77720

April 21, 2012


To Baylor Medical Records of Irving,

I Geraldine Caston, mother of Dietrick Lewis Johnson give authorization to release the medical records for Dietrick Lewis Johnson (DOB June 20, 1965, Social Security 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). Dietrick is currently incarcerated and has brain cancer. Please fax his medical records to his attorney Terri Daniel at 877-291-1215. If you have any questions, I can be reached at 773-221-2590. Thanks in advance.


Sincerely,


Geraldine Caston

February 23, 2014

Re: United States v. Dietrick Lewis Johnson Sr.
Case No. 4:12-CR88 and 4:13-CR88, State of Texas
Case No. 219-81234-2012, 219-81235-2012 and 219-82905-2012

De La Garza Law Firm Group, P.C.
Rafael De La Garza, II

CC: Andrea Stroh Thompson District Clerk, U.S. District Court Eastern District of Texas Clerk of Court

Subject:  Machinations of the Prosecution, Suppression of favorable eye
          witnesses.

Dear Mr. De La Garza:

There is still a reasonable solution which will prevent the state administration from sporting the black eye that was so richly deserved by the United States District Attorney Office. I reiterated my previous request that you join with the trials Judge in requesting production of documents and discovery, under Federal Rules of Civil Procedure.

This was a painful ordeal for both attorneys (In the above mentioned case numbers). The defendant did not wish to portray you or your office as incompetent, but rather as a victim of the machinations of the prosecution.  It is not my belief in which, controls the courts'. However, the sixth amendment mandates that your office should be willing to do whatever it could to achieve simple justice.

Attorney Terri Daniel, before leaving my state case's as my counsel, had information as to the whereabouts of two eye witnesses who talked with the complainant at (3029 Barnes Bridge St., Dallas, TX 75228) the day of 03-21-2012.
These eye witnesses for the defense were an investment as a community and created a terrible liability for the state and its charging instrument.

Remedy: "The eye witnesses provides evidence that complainant was not being held in any fashion, against her will or abducted as communicated on a sworn, legal, government and state document". Both court officials held knowledge of their existence.

Since it can be proven that the complaining victim falsified legal documents with an insurance agency, Irving and Dallas Police Departments, there is no other legitimate conclusion that can be reached by reasonable minds other than that Ms. Love had the understanding with the state to which she submitted a sworn, signed affidavit.

Offer Proof: "This 2003 Lincoln LS, VIN 1LNH-M86S33Y677740, was fixed at the Ford dealership located at Beltline Rd. and Highway 30 in Irving or Grand Prairie, Texas in January of 2012.

Thank you for your consideration in this matter.

Note to Attorney: You need to contact Psychologist Gilda Kessner (214-455-7692), Psy. D, Pc., PO. Box 181954, Dallas, Tx 75218.

Faithfully yours,

Dietrick Lewis Johnson Sr.
T.D.C.J. #01894476
Michael Unit
2664 Fm 2054
Tennessee, Colony, Tx 75886

February 23, 2014

RE: State of Texas v. Dietrick Lewis Johnson Sr. .
Case No. 4:12-CR88 and 4:13-CR88, State of Texas
Case No. 219-81234-2012, 219-81235-2012, and 219-82905-2012.

De La Garza Law Firm Group, P.C.
Rafael De La Garza II

CC: Andrea Stroh Thompson District Clerk, U.S. District Court Eastern District of Texas Clerk of Court.

Subject: File motions, to compel compliance with States Plea Agreement and Force the Judgment of the Trial Court.

Dear Mr. De La Garza:

I receive your letter dated January 14, 2014. You stated that your office contacted the AUSA to inform the US Marshalls. Have we come so far that the defense can't trust the state or its administration to play fair and must continually be there saying "obey court orders, obey court orders"? Regarding the Fiasco of the Collin County Sheriff's Office failure to obey court orders.

Under the rules of law, your office must file a motion to compel compliance with Plea Agreement, and enforce Judgment of the Trial Court. Emphasis that per the agreement, state time has to run concurrent with Federal sentence, and by being sent to the state first prevents fulfillment of the plea agreement. As the defendant can only be credited for time actually in Federal custody.

Your office must file motion to Federal court for an order of Recovery, urging that the state only had temporary jurisdiction and request a motion to enforce the courts judgment. Per Plea Agreement stress the times lost while being in states custody, and request in motion the good time credit you failed to mention during my sentencing. I was arrested 03-26-2012, nearly two years time served in Collin County Jail.

It seemed to me to be the definitive statement that courtroom officials are unable to comply with time honored principle of law.

Faithfully yours,

Dietrick Lewis Johnson Sr.
T.D.C.J. #01894476
Michael Unit
2664 Fm 2054
Tennessee, Colony, TX 75886

The De La Garza Law Firm Group, P.C.

Rafael De La Garza, II

3941 Legacy Dr. Suite 204-A192

Plano, Texas 75023


De La Garza II

CC: State and Federal Clerks of the Court and Files

Re: United States v. Dietrick Lewis Johnson Sr.

Cause No. 4:12 CR00080 and 4:13 CR00088

State of Texas v. Dietrick Lewis Johnson Sr.

Cause No. 219-81234-2012, 219-81235-2012 and 219-82905-2012

Subject: Requesting that you file a Habeas Corpus-2255 Federal writ and motion for summary of judgment; Requesting the Courts' (state and federal) to Dismiss.


"I need you to file the following" Habeas Corpus-2255, Federal writ Prosecutor misconduct. Failure to disclose to the Court and Grand-Jury Brady material (Brady v. Maryland 1963 Case).


Namely phone records (Text messages) the state prosecution subpoena phone records April 15, 2013, that would proven to the grand-jury that the complaining witness committed perjury and falsified state and government documents.

File motion for summary of judgment. Requesting the court to dismiss.

Grounds

1. Suppression of exculpatory evidence

2. Knowingly, willingly and intentionally used perjured testimony (namely) complaintant signed statement of facts which was presented to the grand jury.

3. Citing Gatson, suppressed evidence was not a work product of the State or Government. Deceit produced court Rulings under the Fourteenth Amendment is a denial of Due Process.

Emphases added:

In the present case United States Assistant District Attorney and State Assistant District Attorney is guilty of Suppressing Evidence Favorable to the accused, deceiving the trial courts during petitioners trial court proceedings.

Had the defendant held personal knowledge and/or had possession of said Favorable Evidence he would not entered a plea of guilty in open court. Therefore, evidence would have changed the outcome of trial court proceedings.

Emphases added:

Cure:

Had this Favorable Evidence (Phone Records and Text messages) been presented to a grand jury and the courts; the accused would not had been indicted in the State and Government charging instrument. Therefore, the outcome in the courts' proceedings would have resulted in a case dismissal.

Emphases added:

Vindictive Prosecution

The Courts' believe that there is no room in the system for personal feelings, prejudices, vendettas or any other machinations in the way of fundamental fairness.

Faithfully yours,


Dietrick Lewis Johnson Sr.

The De La Garza Law Firm Group, P.C.

Rafael De La Garza II

3941 Legacy Dr. Suite 204-A192

Plano, Texas, 75023


De La Garza II

CC: State and Federal District Clerks

Re: United States v. Dietrick Lewis Johnson Sr.

Cause No: 4:12 CR00080 and 4:13 CR00088

State Cause No. 219-81234-2012, 219-81235-2012 and 219-82905-2012.


Standard Discovery Order in Criminal Cases for: Dietrick Lewis Johnson Sr.

1. All written or recorded statements of the defendant, along with all confessions or statements whether verbal or otherwise made pursuant to Art. 38.22 C.C.P..

4. Inspection of:

G. All tangible items of physical evidence collected by the State or its agents concerning the alleged offense, to include latent fingerprints, footprints, hairs, fibers, fingernails scrapings, body fluids, tire tracks, paint scrapings, etc..

10. All exculpatory evidence pursuant to Brady v. Maryland (1963 Case) and related cases.

12. In appropriate cases, the state is encouraged to furnish offense reports and witness statements in addition to the above items. However, such reports and statements are normally work product of the state and are therefore protected from mandatory disclosure unless the contents are exculpatory.

Such Statements and reports must of course be tendered to the defense for cross examination on proper request under Gaskin or related requirements.

Emphases Added

Motion For Discovery was submitted to the States Court Docket sheet on April 11, 2013. The subpoena was issued for Metro Pcs on April 15, 2013, by the States Assistant District Attorney.

On Docket sheet the defendant wrote numerous inmate correspondences to the state trial judge and prosecuting attorney from December 5, 2012 to February 13, 2014; requesting phone records and text messages to show that the complaining witness gave perjured signed statement of facts to the grand jury.

Furthermore, defendant also contacted the United States District Judge Magistrate and Assistant District Attorney about phone records and text messages on numerous occasions.

Discovery and subpoena was ordered and signed by Judge Scott J. Becker on April 11, 2013.

Faithfully yours

Dietrick Lewis Johnson Sr.

Exhibit 10



## W219-81234-2012-HC

Ex parte Dietrick Lewis Johnson  §   In the

§

§   219th District Court

§

§   of Collin County, Texas

### Request to Designate Issues

The State of Texas moves this Court to enter an order designating issues of controverted, previously unresolved fact to be resolved.

**1.**

On May 14, 2014, the Clerk served the State with the Application for writ of habeas corpus filed by Dietrick Lewis Johnson (Applicant) pursuant to Tex. Code Crim. Proc. art. 11.07.

**2.**

An application filed under Article 11.07 provides for a prompt review by the trial court to determine whether the application alleges any facts that if true, could entitle the applicant to relief. *See* art. 11.07, § 3(c). If the court determines that controverted fact issues do exist, it shall enter an order designating the issues of fact to be resolved. *Id.* § 3(d); *see Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex. Crim. App. 2000) (holding the trial court has a duty to designate issues if it determines a habeas application contains

controverted issues). Upon entry of an order designating issues, the clerk need not forward the application to the Court of Criminal Appeals for 180 days. Tex. R. App. P. 73.4(b)(5).

## 3.

Applicant was convicted of aggravated kidnapping after a plea bargain and sentenced to 60 years' confinement.

## 4.

Applicant alleges prosecutorial misconduct, that his plea bargain is not being followed, ineffective assistance of trial counsel, and actual innocence claims.

## 5.

The State generally denies each of Applicant's allegations. The State believes there are controverted issues of fact material to Applicant's incarceration. The State therefore requests that this Court enter an order designating such issues and the manner of their resolution so that it may, after the issues are resolved, submit a response to assist the Court in making its findings of fact and conclusions of law.