8472H-01

Cause No. 12-DCR-061181-A

DAMON KENDRICK DOVE

TDJC – ID #1880020, Relator

V.

FORT BEND COUNTY DISTRICT CLERK

ANNIE REBECCA ELLIOTT, Respondent

IN THE 268TH JUDICIAL

DISTRICT COURT OF

FORT BEND COUNTY, TEXAS

## PLANTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now, DAMON KENDRICK DOVE Relator, Pro Se, in the above-styled and numbered cause of action and files the Original Application for Writ of Mandamus, pursuant to Article 11.07 Section 3 ( c) of Texas Code of Criminal Procedure and would show the Court the following: That Fort Bend County District Clerk is in constitutional violation of Due Process of Equal Protection by law; along with Due Course of Law for relator's liberty and innocence in these actions.

I.

DAMON KENDRICK DOVE, TDJC #1880020 is an offender in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Ellis Unit, 1697 FM 980, Huntsville, Texas 77343. Relator has exhausted his remedies and

1

has no other adequate remedy at law. T.C.C.P. Art. 11.07 Section 3 ( c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of application for Writ of Habeas Corpus, and answer filed, certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statue, Relator would have received notice from the Court of Criminal Appeals.

## II.

Respondent, Annie Rebecca Elliott in the capacity as District Clerk of Fort Bend County, Texas has a ministerial duty to receive and file all papers in criminal proceedings and perform all other duties imposed on the Court of Criminal Appeals. A copy of the application for Writ of Habeas Corpus, any answer filed and certificate reciting the date upon which find was made if convicting court decides that there are no issues to be resolved. Annie Rebecca Elliott, District Clerk, Fort Bend County be served at their place of business at Fort Bend County, Texas 77469.

2

## III.

## VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The respondent violated Article 11.07 Section 3 ( c) of the Texas Code of Criminal Procedure by failing to provide a copy of the Application for Writ of Habeas Corpus, any answer filed and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time from the date on which the documents were requested transmitted. Requested for the transmittal of the application for Writ of Habeas Corpus, any answer filed and a certificate reciting the date upon which that finding was made were made by Relator to Annie Rebecca Elliott, District Clerk, Fort Bend County by certified mail letters dated _10_ / _22_ / _15_; _11_ / _20_ / _15_. Pursuant to Article 11.07 Section 3 ( c) of the Code of Criminal Procedure. True and accurate copies of the above letter are attached here to as Exhibit "A" and "B" and are incorporated by reference herein for all purpose. To date, Relator hs received no response from respondent regarding Relator's request for transmittal of a copy of the application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals. As is clear from Realtor's letters, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal copy of the application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals to act on Relator's Writ of Habeas Corpus. Relator has gone well beyond any requirement of obligation imposed upon him by the Texas Code of Criminal Procedure. In contract to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3 ( c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written response to his correspondence and request. Article 11.07 Section 3 ( c) clearly states that "[i.] If the convicting court decides that there are no such issues, the Clerk shall immediately transmit Relator's Article 11.07 Habeas Corpus and it's a through F ehibits

3

with memorandum of Law to the Court of Criminal Appeals, a copy of the application, any answers filed, and a certificate reciting the date upon which the find was made. Failure of the Court to act within the allowed 20 days shall constitute such finding." Texas Code of Criminal Procedure Article 11.07 Section 3 ( c). Respondent is in violation of this proceeding, ministerial duties and thus the law of this statue.

## PRAYER FOR RELIEF

Wherefore, premises considered, Relator DAMON KENDRICK DOVE, Pro Se respectfully request a finding that the Respondent did not transmit document to the Court of Criminal Appeals with a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an order directing Respondent to transmit copy of application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that finding, and a certificate reciting the date upon which the finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3 ( c) of the Texas Code of Criminal Procedure as requested in Relator's letters Exhibits "A" and "B".

Respectfully submitted,

By: _Damon Dove_
RELATOR

4

# THE STATE OF TEXAS

## COUNTY OF FORT BEND

## AFFIDAVIT

I swear under oath that the facts and allegations in the above application for Writ of Mandamus are true and correct.

_____
Relator

SIGNED UNDER OATH BEFORE ME, on this the ___14___ day of ___November__; 2015.



_____
Notary Public and/for State of Texas

ITTY JOSEKUTTY
Notary Public
STATE OF TEXAS
My Comm. Exp. September 10, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served by placing a copy in the U. S. Mail addressed to: Court of Criminal Appeals on this the ___20th___ day of ___November___, 2015.

_____
Relator

**Cause No. 12-DCR-061181-A**

DAMON KENDRICK DOVE

IN THE 268TH JUDICIAL

TDJC – ID #1880020, Relator

DISTRICT COURT OF

V.

FORT BEND COUNTY, TEXAS

FORT BEND COUNTY DISTRICT CLERK

ANNIE REBECCA ELLIOTT, Respondent

## ORDER

On this day, came on to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to the Court that the same should be:

_____ GRANTED

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that transmittal was made.

SIGNED on this the _____ day of _____, 2015.

_____

PRESIDING JUDGE

6

exhibit 1

Cause No. 12-DCR-061181-A

DAMON KENDRICK DOVE                    IN THE 268TH JUDICIAL

V.                                     DISTRICT COURT OF

THE STATE OF TEXAS                     FORT BEND COUNTY, TEXAS


**UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 HABEAS CORPUS; TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 HABEAS CORPUS UNDER CHAPTER 64 FORENSIC DNA TESTING MOTION FOR EVIDENTIARY HEARING REVIEW**


**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, DAMON KENDRICK DOVE,** petitioner pro-se, in the above styled numbered cause and would like the court to examine the following motion on behalf of petitioner's second claim of habeas corpus under Chapter 64 forensic DNA testing is entitled to an evidentiary hearing to prove his innocence of a wrongful conviction. Petitioner note's along with his Article 11.07 under Chapter 64 by his constitutional right; by Due Process and Due Course of Law was violated which brought about the wrongful conviction and allegation of sexual assault to petitioner. Petitioner would like the Court to witness the following to show cause:

1

# I.

Petitioner states this as a fact:

<u>Article 64.01</u>

(B)  The motion may request forensic DNA testing only of evidence described by subsection (a) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the State during the trial of the offense, but:

(ii)  available, but not technologically capable of providing probative results;

Petitioner notes with an allegation of sexual assault, the test was the only means of his innocence.  As the record reflects to show the State had in it's possession, but sealed it 90 days prior to jury trial.

# II.

Petitioner states this fact:

<u>Art. 64.02</u>

(1)  provide the attorney representing the State with copy of the motion; and

(2)  require the Attorney representing the State to:

2

(A)  deliver the evidence to the Court, along with a description of the condition of the evidence; or

(B)  explain in writing to the Court why the State cannot deliver the evidence to Court.

Petitioner notes this motion is for the State to produce the evidence which it already has; which the State chose to seal.  By law in a case dealing with sexual assault, there's <u>NO</u> reason to withhold what would set petitioner free.

## III.

Petitioner states this fact:

<u>Article 64.03</u>

(2)  the convicted person establishes by a preponderance of the evidence that:

(A)  The person would not have been convicted if exculpatory results had been obtained through DNA testing; and

( c)  If the convicting court finds the affirmative issue listed in subsection (a) (i) and the convicted person meets the requirements of subsection (a) (2).  The Court shall order the requested forensic DNA testing be conducted.

Petitioner bases this motion of innocence as <u>Schulp</u> v. <u>Delo</u>, 115 S.Ct. 85 (1995) However if a petitioner such as <u>Schulp</u> presents evidence of innocence so strong that a Court cannot have confidence in the outcome of the trial unless the Court is also satisfied that the trial free of no harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

## CONCLUSION

Petitioner therefore submits this motion and prays the Court on his second claim under Chapter 64. That there is no designated issue, but to hold an evidentiary hearing under Article 11.07 Code of Criminal Procedure and be present to argue his innocence against the State, along with the State explaining the first test which was sealed or to take another test to prove his innocence of sexual assault.

Respectfully submitted,

DAMON KENDRICK DOVE, Petitioner Pro-Se
TDJC No. 1880020
Ellis Unit
1697 FM 980
Huntsville, TX 77343

4

THE STATE OF TEXAS

COUNTY OF _Fortbend_

# AFFIDAVIT

I swear under oath that the facts and allegations in the above Application for Motion to have Evidentiary hearing under Chapter 64 are true and correct.



Petitioner

SIGNED UNDER OATH BEFORE ME, ON this the ___17___ day of __October__, 2015.



ITTY JOSEKUTTY
Notary Public
STATE OF TEXAS
My Comm. Exp. September 10, 2016

**Cause No. 12-DCR-061181-A**

DAMON KENDRICK DOVE

V.

THE STATE OF TEXAS

IN THE 268TH JUDICIAL

DISTRICT COURT OF

FORT BEND COUNTY, TEXAS

## ORDER

On this day, came to be heard the foregoing petitioner's Application for Motion Requesting an Evidentiary hearing under Chapter 64 and it appears to the Court that the same should be:

_____ GRANTED                              _____ DENIED

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to all parties a copy of the decision on application for evidentiary hearing under Chapter 64 any answer filed, and a certificate reciting the date upon which that decision was made.

SIGNED on this the _____ day of _____, 2015

_____
PRESIDING JUDGE

6

*exhibit 2*

**Cause No. 12-DCR-061181-A**

| | |
|---|---|
| DAMON KENDRICK DOVE | IN THE 268TH JUDICIAL |
| V. | DISTRICT COURT OF |
| THE STATE OF TEXAS | FORT BEND COUNTY, TEXAS |

### AFFIDAVIT SUMMONS CODE OF CRIMINAL PROCEDURE, CODE OF CRIMINAL PROCEDURE CONSTITUTIONAL VIOLATION OF PROCEDURE UNDER ARTICLE 11.07

TO THE HONORABLE JUDGE OF SAID COURT:

I the Petitioner Damon Kendrick Dove, in the above styled number and cause filed a second claim of Article 11.07 Habeas Corpus; in this said District Court being the 268th District. Defendant is bringing to the Court's attention that they're in violation of Article 11.07 under Texas Code of Criminal Procedure. That the second claim of Article Chapter 64 has been in Court possession since file date of 10-14-2015. Therefore, defendant would like the Court to w3itnes the following to show cause in this violation:

1.    Martin v. ~~Hamilton,~~ Hamlin 25 S.W. 3d 718; 2000 TEX. CRIM. APP, LEXIS

1

- <u>CRIMINAL</u> <u>LAW</u> + <u>PROCEDURE</u> > <u>HABEAS</u> <u>CORPUS</u> > <u>PROCEDURE</u>> <u>FILING OF PETITION</u>> <u>TIME LIMITATION</u>> <u>GENERAL OVERVIEW</u>

- <u>CRIMINAL</u> <u>LAW</u> + <u>PROCEDURE</u> > <u>HABEAS</u> <u>CORPUS</u> > PROCEDURE > <u>GENERAL</u> <u>OVERVIEW</u> <u>GOVERNMENTS</u> > <u>COURTS</u> > <u>CLERKS</u> <u>OF</u> <u>COURT</u> without the timely entry of an order designating issues. TEX. CODE CRIM. PROC. ANN. Art. 11.07 imposes a duty upon the Clerk of the trial court to immediately transmit to the Court of Criminal Appeals of Texas the record from the application of Writ of Habeas Corpus, deeming the Trial Court's inaction in finding that no issues of facts require further resolution. TEX. CODE CRIM. PROC. ANN. Art. 11.07 +3 ( c).

Defendant notes with the second violation witness the follow to show cause:

Vernon's Texas Statutes and Codes Annoited; Codes of Criminal Procedures (Ref + Annos); Title 1. Code of Criminal Procedure of 1965 Habeas Corpus; Chapter eleven. Habeas Corpus (Ref + Annos)

Vernon's Ann. Texas C.C.P. Art. 11.07

Art. 11.07 Procedure after conviction without death penalty

Effective: September 1, 2013

Currentness

Sec. 3 (a)   After final conviction in any felony case, the Writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas

(b)   When the application is received by that Court, a Writ of Habeas Corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law.

( c)  If the convicting Court decides that there are no such issues, the Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answer filed, and a certificate reciting the date upon which that finding was made.  Failure of the Court to act within the allowed 20 days shall constitute such a finding.

(d)    To resolve those issues, the Court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection.  The State shall pay the cost of additional forensic testing ordered under this subsection, except that the Applicant shall pay the cost of the testing if the Applicant retains Counsel for purpose of filing an application under this article.

(e)   For the purpose of subsection (d), "additional forensic testing" does not include forensic DNA testing as provided for in Chapter 64.

Sec. 4 (a) If a subsequent application for Writ of Habeas Corpus is filed after final disposition of an initial application challenging the same conviction , a Court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Defendant notes that the violation has been since file date _40_ days. Therefore, the Clerk should have forwarded the application with its exhibits A through F to the Court of Criminal Appeals; but chose too commit a ministerial act. Defendant recites United States v. Bagley, 105 S. Ct. 3375 (1985).

The Supreme Court, Justice Blackman, held that evidence withheld by government is "material," as would require reversal of conviction, only if there is reasonable probability that had evidence been disclosed, result of proceedings would have been different.

Therefore, defendant asserts that the Clerk forward defendant 11.07 with all exhibits to the Court of Criminal Appeals.

4

# THE STATE OF TEXAS

# COUNTY OF FORT BEND

# AFFIDAVIT SUMMONS

I swear under oath that the facts and allegations in the above "Affidavit Summons Code of Criminal Procedure; Texas Code of Criminal Procedure Constitutional Violation of Procedure under Article 11.07" are true and correct.

_Damone Done_

Defendant Pro Se

SIGNED UNDER OATH BEFORE ME, on this the _14_ day of _November_, 2015.

ITTY JOSEKUTTY
Notary Public
STATE OF TEXAS
My Comm. Exp. September 10, 2016

_____
Notary Public and/for State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above "Affidavit Summons Code of Criminal Procedure; Texas Code of Criminal Procedure Constitutional Violation of Procedure under Article 11.07" was served by placing a copy in the U. S. Mail addressed to: Fort Bend County, District Clerk Office on this the _20_ day of _November_, 2015.

_Damon Done_

Defendant Pro-Se